J-S70026-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
               Appellee :
:
           v. :
:
HAROLD J. FITZGERALD, JR., :
:
               Appellant : No. 1352 EDA 2015

Appeal from the Order entered April 10, 2015,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0005467-1993

BEFORE:  DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED NOVEMBER 30, 2015**

Harold J. Fitzgerald, Jr., ("Fitzgerald") appeals from the April 10, 2015 order entered by the Honorable Kevin F. Kelly of the Delaware County Court of Common Pleas denying Fitzgerald's motion seeking Judge Kelly's recusal. Upon review, we quash the appeal.

From our review of the record, we discern the following.  On April 7, 1994, Fitzgerald was charged by criminal information with criminal conspiracy, simple assault, aggravated assault, recklessly endangering another person, terroristic threats, harassment, robbery, theft by unlawful taking, receiving stolen property, retail theft, and disorderly conduct.  The charges stemmed from an incident that occurred on December 22, 1993. On August 22, 1994, Fitzgerald pled guilty to conspiracy and robbery, and the Commonwealth nol prossed the remaining charges.  On October 12,

*Retired Senior Judge assigned to the Superior Court.

1994, the Honorable Joseph F. Battle sentenced him to eight to twenty-three months of incarceration. Fitzgerald filed a motion for reconsideration of his sentence, which Judge Battle denied on November 6, 1994. Fitzgerald did not file an appeal from his judgment of sentence or seek relief pursuant to the Post Conviction Relief Act ("PCRA").

On August 1, 2014, Fitzgerald filed a counseled petition for expungement of his criminal record. The Commonwealth filed an objection to Fitzgerald's petition on August 20, 2014, asserting that Fitzgerald did not meet the legal criteria for an expungement of his convictions. Following a hearing on the petition and the Commonwealth's objection thereto, Judge Kelly denied Fitzgerald's request for expungement.

On October 17, 2014, Fitzgerald filed a pro se PCRA petition asserting that the "[r]ecord [] show[s] the incorrect disposition of my charges. I appealed and the court overturned my plea and struck it. (Judge Battle struck my plea) [s]o records are wrong." PCRA Petition, 10/17/14, at 4. Fitzgerald attached to his PCRA petition a document purportedly from the United States Department of Justice indicating on one page that Fitzgerald's robbery conviction was nol prossed or withdrawn and on another page indicating that he was sentenced on the same robbery charge to eight to twenty-three months of incarceration. Judge Kelly denied relief on October 24, 2014, treating the PCRA petition as another motion for expungement.

On November 21, 2014, Fitzgerald filed a pro se notice of appeal, and after receiving an extension of time from the trial court, timely filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) ("1925(b) statement") on January 15, 2015. Fitzgerald appended to his 1925(b) statement "the entire printout" he received from the United States Department of Justice, which indicated on page two that he was sentenced for conspiracy and robbery to eight to twenty-three months of incarceration, with the remaining charges nol prossed, but stated on page three that the robbery charge was nol prossed.[1] This Court dismissed this appeal on May 19, 2015 because of Fitzgerald's failure to file an appellate brief.

Meanwhile, on March 17, 2015, Fitzgerald reportedly sent to Judge Kelly a pro se motion to add to the record a Delaware County Community College transcript, which Fitzgerald averred was proof that he did not serve the sentence of incarceration for his robbery and conspiracy convictions. He

---

[1] We observe that the portion of the printout indicating that Fitzgerald's robbery charge was nol prossed has a different appearance than any of the other pages from that document. On that page, and only that page, appears the words "unauthorized" and "copy" repeatedly in the background of the text. There is also nothing in this document indicating that the conspiracy charge was nol prossed.

did not file this motion of record.[2]  Nonetheless, Judge Kelly issued an order on March 26, 2015 dismissing the motion.

On April 7, 2015, Fitzgerald filed a pro se motion requesting that Judge Kelly "strike the proceedings in which he sat on and to remove himself from said matter."  Motion to Strike and Recuse, 4/7/15, at 3.  He based his request upon the fact that Judge Kelly was a member of the Delaware County District Attorney's Office at the time he committed the underlying robbery.  *Id.* at 2.  Judge Kelly denied this motion on April 10, 2015.  In his order, Judge Kelly stated that although he was a member of the Delaware County District Attorney's Office at the time of Fitzgerald's arrest, his assigned duties at that time did not involve him in Fitzgerald's case, nor did he recall any information concerning Fitzgerald's convictions.  *See* Trial Court Order, 4/10/15, at 4-5 n.3.

On April 24, 2015, Fitzgerald sent Judge Kelly a request to "expand" the record in this matter, seeking to include printouts from a New York Repository Inquiry, FBI Criminal Record Inquiry, and his criminal record sent to FCI Fort Dix.  The trial court denied this motion on April 27, 2015, and ordered that the Delaware County Office of Judicial Support file the motion of record, which it did on May 5, 2015.

---

[2]  Our review of the record reveals that it was Fitzgerald's practice to send pro se filings to Judge Kelly who, in turn, would issue orders for the filings to be made part of the record.

On April 27, 2015, Fitzgerald sent to Judge Kelly a pro se notice of appeal of the trial court's denial of Fitzgerald's motion to strike and recuse, which Judge Kelly had docketed and filed of record on May 5, 2015. The trial court issued an order for Fitzgerald to file a 1925(b) statement on May 5, 2015. On June 8, 2015, having not received a response to its 1925(b) order, the trial court issued a written opinion pursuant to Pa.R.A.P. 1925(a) finding waiver of all issues because of Fitzgerald's failure to file his 1925(b) statement. On June 12, 2015, Fitzgerald filed his 1925(b) statement, dated May 30, 2015.

We begin by addressing the trial court's contention that Fitzgerald waived consideration of any issues in this appeal by failing to file his 1925(b) statement. The record reflects that the trial court filed its 1925(b) order on May 5, 2015, and service of the order occurred on May 7, 2015. Fitzgerald therefore had twenty-one days from the date of service, or until May 28, 2015 to timely file his 1925(b) statement. **See** Pa.R.A.P. 108(a)(1), 1925(b)(2) (both indicating that the time for filing begins to run as of the date of service of the order). At the time of service of the 1925(b) order, Fitzgerald was incarcerated in federal prison. In his 1925(b) statement, he reports having received the 1925(b) order in hand on May 16, 2015. **See** Answer to Order of May 5, 2015, Not Received Until May 16, 2015 from [Judge] Kelly, 6/12/15. Accepting that representation as true, Fitzgerald had twelve days to timely comply with the trial court's order. Fitzgerald did

not file his 1925(b) statement until June 12, 2015, fifteen days past the deadline.

We recognize that because he is incarcerated, Fitzgerald is entitled to the benefit of the Prisoner's Mailbox Rule, pursuant to which "we deem a document filed on the day it is placed in the hands of prison authorities for mailing." *Commonwealth v. Patterson*, 931 A.2d 710, 715 (Pa. Super. 2007) (citation omitted). Fitzgerald provides no indication, either in his 1925(b) statement or in his brief on appeal, as to the date he delivered his 1925(b) statement to prison authorities for mailing. The only date that appears on his 1925(b) statement is what appears to be the date of authorship, which is May 30, 2015. *See* Answer to Order of May 5, 2015, Not Received Until May 16, 2015 from [Judge] Kelly, 6/12/15, at 2. Even assuming that Fitzgerald delivered his 1925(b) statement to prison authorities for mailing on the day he authored the document, however, his 1925(b) statement is still untimely.

In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), our Supreme Court removed this Court's authority to allow discretionary review of noncompliant 1925(b) statements by establishing a bright-line rule that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [1925(b) statement]. Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* at 309. This rule applies with equal force to the complete failure to file a

1925(b) statement and untimely filed 1925(b) statements. *Commonwealth v. Castillo*, 888 A.2d 775, 776 (Pa. 2005).[3]

As Fitzgerald failed to timely file his pro se 1925(b) statement, we are constrained to find that he waived all issues raised on appeal. We therefore quash his appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015

---

[3] As Fitzgerald is proceeding pro se, he does not benefit from the remand provision of Pa.R.A.P. 1925(c)(3). *See* Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge."); *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (en banc) (holding that the untimely filing of a 1925(b) statement by counsel constitutes per se ineffectiveness).