J.S13038/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| JAMES E. JOHNSON, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1270 WDA 2015 |

Appeal from the Order May 18, 2015
in the Court of Common Pleas of Lawrence County Criminal Division
at No(s): CP-37-CR-0000593-2002

BEFORE: LAZARUS, STABILE, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.:               **FILED FEBRUARY 24, 2016**

Appellant, James E. Johnson, appeals *pro se* from the order of the Lawrence County Court of Common Pleas denying his *pro se* "motion to set aside his mandatory minimum sentence pursuant to **Alleyne v. United States**[1] *nunc pro tunc*." Appellant challenges the constitutionality of certain sentences imposed in 2003. We conclude Appellant's *pro se* motion constitutes a first Post Conviction Relief Act[2] ("PCRA") petition, vacate the order, and remand this matter for the appointment of PCRA counsel.

This Court previously set forth the factual circumstances underlying Appellant's guilty pleas to numerous charges including delivery of a

---

* Former Justice specially assigned to the Superior Court.

[1] 133 S. Ct. 2151 (2013).

[2] 42 Pa.C.S. §§ 9541-9546.

controlled substance.[3] ***See Commonwealth v. Johnson***, 275 WDA 2007 (Pa. Super. Jan. 3, 2008) (unpublished memorandum). For the present purposes, it suffices to note that Appellant, on June 24, 2004, entered open pleas to the charges and was sentenced to an aggregate fourteen to twenty-eight years' imprisonment. The sentence included two consecutive mandatory minimum sentences under 18 Pa.C.S. § 7508 ("Drug trafficking sentencing and penalties").

Appellant did not take a timely direct appeal, but the PCRA court reinstated his appellate rights after he filed a PCRA petition. On January 3, 2008, this Court affirmed the judgment of sentence *nunc pro tunc*. ***Johnson***, 275 WDA 2007, at 10. Appellant did not timely petition the Pennsylvania Supreme Court for allowance of appeal. ***See*** Order, ***Commonwealth v. Johnson***, 18 WM 2008 (Pa. July 9, 2008) (denying Appellant leave to file a petition for allowance of appeal *nunc pro tunc*). However, he filed a another PCRA petition. The PCRA court, after appointing counsel, granted Appellant leave to file a petition for allowance of appeal *nunc pro tunc*. PCRA Ct. Order, 7/21/09, at ¶ 1. On April 7, 2010, the Pennsylvania Supreme Court denied allowance of appeal. Order, ***Commonwealth v. Johnson***, 390 WAL 2009 (Pa. Apr. 7, 2010).

Appellant, on February 10, 2015, filed a *pro se* "motion for reconsideration of sentence," which the trial court denied on February 11,

---

[3] 35 P.S. § 780-113(a)(30).

2015. Appellant filed a notice of appeal from the February 11th order. However, on March 13, 2015, Appellant filed the *pro se* motion giving rise to this appeal and subsequently filed a *pro se* motion to withdraw his earlier appeal from the February 11th order. On May 18, 2015, the court granted the motion to withdraw the prior appeal and denied Appellant's March 13th motion to set aside the mandatory minimum sentences.[4] On June 22, 2015, the court received Appellant's *pro se* notice of appeal from the May 18th order denying his March 13th motion.

As to the filing of the *pro se* notice of appeal, the record contains an envelope, postmarked June 18, 2015, addressed from Appellant at SCI-Mercer to the clerk of the court. Appellant also attached to his notice of appeal a certificate of service, dated June 17th, stating he placed in the prison's mail repository with postage prepaid and an unsworn declaration form signed June 17th.

Preliminarily, we find Appellant timely filed his notice of appeal. *See* Pa.R.A.P. 903(a); *Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011) (noting issue of appellate jurisdiction may be raised *sua sponte*); *Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) (discussing "prisoner mailbox rule). Appellant's certificate of service indicated he deposited his *pro se* notice of appeal in the prison mail

---

[4] Although the trial court's order denying relief was authored on May 15, 2015, it was not docketed until May 18th.

repository on June 17, 2015—the thirtieth day after the order denying his *pro se* motion. Although Appellant's envelope was postmarked on June 18th, one day late, we deem June 17th as the date of filing under the prisoner mailbox rule. **Cf. Patterson**, 931 A.2d at 714. Accordingly, we decline to quash the appeal.

Appellant, in both the underlying motion and this appeal, asserts that the application of the mandatory minimum sentences prescribed by 18 Pa.C.S. § 7508 is unconstitutional in light of **Alleyne**. Appellant's Brief at 6; Appellant Mot. to Vacate J. of Sentence, 5/13/15, at 4 (unpaginated). The Commonwealth responds that Appellant's *pro se* motion was properly dismissed because it constituted an untimely PCRA petition and **Alleyne** does not apply retroactively in a post-conviction proceeding. Commonwealth's Brief at 6.

Although we agree with the Commonwealth that the PCRA subsumes Appellant's specific request for relief, **see Commonwealth v. Ford**, 947 A.2d 1251, 1252-53 (Pa. Super. 2008), we do not address the arguments raised in this appeal. Rather, the procedural history of this case reveals that Appellant's *pro se* motion is technically his first attempt at post-conviction relief. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 945-46 (Pa. Super. 2003). As such, Appellant has a rule-based right to counsel and is entitled to the procedures safeguarding that right, even if the petition is

untimely on its face.  ***See Commonwealth v. Perez***, 799 A.2d 848, 851-52 (Pa. Super. 2002).

Because there is no indication Appellant had the benefit of PCRA counsel in this matter, we vacate the PCRA court's order and remand this matter for the appointment of counsel.  ***See Perez***, 799 A.2d at 851-52 (reiterating that "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel").

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2016