J-S76033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAROLD FRANKLIN FORD | |
| Appellant | No. 1337 EDA 2016 |

Appeal from the PCRA Order April 19, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003457-2002

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED OCTOBER 18, 2016**

Appellant appeals *pro se* from the order entered in the Court of Common Pleas of Chester County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history are as follows:  Following Appellant's arrest in connection with a robbery occurring on June 24, 2002, a jury convicted Appellant of robbery and conspiracy, and on June 30, 2003, he was sentenced to twenty-five years to fifty years in prison.  Appellant filed a direct appeal to this Court, and on July 12, 2004, this Court affirmed Appellant's judgment of sentence.  On April 19, 2005, the Supreme Court

_____

[*] Former Justice specially assigned to the Superior Court.

denied Appellant's petition for allowance of appeal; Appellant did not petition the United States Supreme Court for a writ of *certiorari*.

Thereafter, Appellant filed multiple PCRA petitions and appeals, none of which resulted in Appellant being granted relief. On March 7, 2016,[1] Appellant filed the instant *pro se* PCRA petition, and the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing. Appellant filed a *pro se* response, and by order entered on April 19, 2016, the PCRA court dismissed Appellant's petition. This timely *pro se* appeal followed.

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective

---

[1] Although the petition was time-stamped on March 10, 2016, we deem the petition to have been filed on March 7, 2016, when Appellant handed it to prison officials. *See Commonwealth v. Patterson*, 931 A.2d 710 (Pa.Super. 2007) (discussing the prisoner mailbox rule).

January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth***

***v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

In the case *sub judice*, Appellant was sentenced on June 30, 2003, and this Court affirmed his judgment of sentence on July 12, 2004. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on April 19, 2005. Thereafter, Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. Therefore, Appellant's judgment of sentence became final ninety days later, on July 18, 2005, when the time for seeking *certiorari* from the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (indicating when judgment of sentence becomes final); U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case. . .is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment[ ]"). Thus, Appellant had until July 18, 2006, to file a timely PCRA petition; however, Appellant filed the instant PCRA petition on March 7, 2016, and, therefore, it is patently untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780 (2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar).

This does not end our inquiry, however, as Appellant, citing to *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016), attempts to invoke the "new constitutional right" exception of 42 Pa.C.S.A. § 9545(b)(1)(iii). To invoke this exception, the petitioner must plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Moreover, a petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

We conclude Appellant met the initial 60-day threshold. "When the exception asserted is Section 9545(b)(1)(iii), the 60–day rule runs from the date of the germane decision." *Commonwealth v. Secreti*, 134 A.3d 77, 80 (Pa.Super. 2016) (citation omitted). The United States Supreme Court filed its opinion in *Montgomery* on January 25, 2016, and Appellant filed the instant PCRA petition on March 7, 2016. Accordingly, Appellant asserted his timeliness exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

However, as the PCRA court correctly observed, the dictates of *Montgomery* are inapplicable to Appellant. In *Montgomery*, the High Court held that its ruling in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct.

2455 (2012), is to be given retroactive effect on collateral review. In **Miller v. Alabama**, 132 S.Ct. at 2460, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's probation against 'cruel and unusual['] punishments." In the case *sub judice*, Appellant, who was born in May of 1950, was not a juvenile when he committed his crimes on June 24, 2002. Moreover, Appellant was sentenced to twenty-five years to fifty years in prison, as opposed to life in prison without the possibility of parole. Accordingly, Appellant has failed to plead and prove he is entitled to the new constitutional right exception in light of **Montgomery**.

Appellant additionally asserts that he is entitled to the "new constitutional right" exception of 42 Pa.C.S.A. § 9545(b)(1)(iii), in light of the United States Supreme Court's opinion in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013). In **Alleyne**, the High Court held that any fact, other than a prior conviction, that triggers application of a mandatory minimum sentence must be proven beyond a reasonable doubt before the factfinder.

We conclude Appellant has not met the initial 60-day threshold. **Alleyne** was decided on June 17, 2013, and Appellant filed the instant PCRA petition on March 7, 2016. Accordingly, Appellant has not asserted his timeliness exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Further, to the extent Appellant

believes the Supreme Court's retroactivity analysis in *Montgomery* renders *Alleyne* retroactive, we note that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively to untimely PCRA petitions. Indeed, our Supreme Court recently held that *Alleyne* does not apply retroactively to cases pending on collateral review. *Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016).

Accordingly, because Appellant has not established any of the timeliness exceptions to the PCRA time-bar, the PCRA court lacked jurisdiction to address his claims[2] and we affirm the dismissal of Appellant's instant untimely PCRA petition.

Affirmed.

_____

[2] To the extent Appellant alleges generally that his sentence is illegal, we note that our Supreme Court has held specifically that, "[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (1999). In the case *sub judice*, Appellant has not met any of the applicable exceptions to the PCRA, and therefore, we may not review his challenges to the legality of his sentence.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2016