**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OSCAR ALCANTAR CINTORA, | |
| Appellant | No. 1283 EDA 2017 |

Appeal from the PCRA Order March 23, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0001355-1994

BEFORE:  BOWES, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:　　　　　　　**FILED OCTOBER 06, 2017**

Appellant, Oscar Alcantar Cintora, appeals *pro se* from the dismissal of his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the background of this case from the PCRA court's March 23, 2017 order, and our independent review of the certified record.  The criminal charges against Appellant arose from an incident in March 1994 wherein he and his brother burglarized a home, stabbed a male occupant to death, and tied up and terrorized the murder victim's mother and sister.  On February 13, 1995, Appellant pleaded guilty to second-degree murder, burglary, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

two counts of robbery. In exchange, the Commonwealth withdrew multiple charges, including first-degree murder. The same day, the trial court sentenced Appellant to a term of life without the possibility of parole for murder of the second degree, and three concurrent terms of not less than five nor more than ten years' on the burglary and robbery charges. Appellant did not file a direct appeal.

Between April 1995 and June 2010, Appellant filed three PCRA petitions, which the court denied.[1] This Court affirmed the denials.

On August 7, 2012,[2] Appellant filed his fourth *pro se* PCRA petition in which he argued that the holding of **Miller v. Alabama**, 567 U.S. 460 (2012),[3] applied to him because he was under twenty-five at the time of the

_____

[1] The Commonwealth also represents the following: Appellant filed a petition for a federal writ of *habeas corpus* on June 24, 2013, and an application to file a second petition on January 27, 2017. (**See** Commonwealth's Brief, at 12-13). The documents requested the same relief as that in the fourth and fifth PCRA petitions. (**See id.** at 12-13). The United States Court of Appeals for the Third Circuit denied the prayers for relief on February 27, 2014 and February 15, 2017. (**See id.** at 13).

[2] Appellant is *pro se* and incarcerated. Therefore, we deem his documents filed as of when they are dated. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007).

[3] In **Miller**, the United States Supreme Court "held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments." **Miller**, *supra* at 479. On January 25, 2016, the United States Supreme Court held that the holding of **Miller** announced a substantive rule that is to be applied retroactively. **See Montgomery v. Alabama**, 132 S.Ct. 718, 736 (2016).

murder, and he therefore had an "immature brain." (PCRA Petition, 8/07/12, at 1). On November 9, 2012, the PCRA court dismissed the petition after providing Appellant with appropriate notice. *See* Pa.R.Crim.P. 907(1). This Court affirmed the PCRA court's dismissal on June 28, 2013, and our Supreme Court denied Appellant's review request. (*See Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013)).

On January 18, 2017, Appellant filed his fifth PCRA petition in which he pleaded that *Miller* applied to him because he had discovered that he was under eighteen at the time of the murder. The PCRA court issued notice of its intent to dismiss the petition without a hearing on February 27, 2017. *See* Pa.R.Crim.P. 907(1). Appellant responded on March 12, 2017, and the court dismissed the petition on March 23, 2017. Appellant timely appealed.[4]

Appellant raises two questions for this Court's review:

> 1. Whether the PCRA [c]ourt erred as a matter of law in denying relief to [A]ppellant's untimely petition, where he asserts that the recently obtained birth certificate, which proves he was [seventeen] years old at the time he committed his offense, for which he is serving a life sentence, entitles him for relief in light of *Miller* []?

---

[4] Pursuant to the PCRA court's order, Appellant filed a timely statement of errors complained of on April 28, 2017. The court filed an opinion on May 4, 2017 in which it directed this Court to its March 23, 2017 order and February 27, 2017 Rule 907 notice for the reasons supporting its decision. *See* Pa.R.A.P. 1925.

- 3 -

> 2. Whether the **Miller**[] claim raised in the instant appeal has been previously litigated or waived?

(Appellant's Brief, at 2) (citation formatting provided).

Before we are able to consider the merits of Appellant's claims on appeal, we must determine whether the PCRA court properly determined that his petition was untimely with no exception pleaded and proven, and that therefore it did not have jurisdiction to decide its merits. (**See** Order, 3/23/17, at 2 n.1; Rule 907 Notice, at unnumbered page 2 n.1).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2013), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

> All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies. The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.

*Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017) (citation omitted). "In addition, any petition attempting to invoke one of these exceptions 'shall be filed within 60 days of the date the claim could have been presented.' 42 Pa.C.S.A. § 9545(b)(2)." *Id.*

In the case *sub judice*, Appellant's judgment of sentence became final on March 15, 1995, at the expiration of the time for him to seek review of his judgment of sentence in this Court. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. *See id.* at § 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed nearly twenty-two years later, on January 23, 2017, is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. *See id.* When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because

Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted).

Here, Appellant claims the applicability of all three of the statutory exceptions. (***See*** Appellant's Brief, at 5). However, he admits that he cannot avail himself of the newly recognized constitutional right exception based on ***Miller*** because it violates section 9545(b)(2). (***See id.*** at 9). Therefore, recognizing that his petition is untimely, Appellant candidly observes that "another exception to the PCRA timeliness requirements must apply to [the] petition[,]" and "[f]or that, [he] pleaded [] 'newly discovered facts' [], and/or [] 'governmental interference' []." (***Id.*** at 5). Appellant's attempt to avail himself of these exceptions fails.

> [To] fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s [previously unknown facts] exception requires the facts upon which the [underlying] claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. . . . [T]he exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the **facts** upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence.

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008) (citations and quotation marks omitted; emphasis added).

- 6 -

In this case, Appellant argues that he had mistakenly believed he was eighteen at the time that he murdered the victim in this case, but he discovered the fact that he actually was seventeen when his mother obtained his Mexican birth certificate in 2016. (**See** Appellant's Brief, at 8-11). However, this assertion is belied by Appellant's admission that he knew that the identification found on his person at the time of his arrest in 1994 was "false, and [was] based [on] inaccurate or incomplete information for the purpose of finding employment." (**Id.** at 8-9; **see also id.** at 12). Therefore, even assuming *arguendo* that Appellant did not know his precise birthdate, we conclude that he failed to exercise due diligence to discover it until over twenty years after his arrest. **See Abu-Jamal**, **supra** at 1268. Hence, Appellant has failed to plead and prove the previously unknown fact exception to the PCRA time-bar. **See id.**

Also, Appellant is not due relief on his governmental interference argument. Pursuant to Pennsylvania Rule of Appellate Procedure 2119, an appellant is required to provide pertinent law and discussion thereof. **See** Pa.R.A.P. 2119(a)-(b). However, Appellant fails to provide any relevant law to support his claim that "the Commonwealth was obligated to notify the Mexican Consulate" to verify the personal information contained in the documents he possessed at the time of his arrest. (Appellant's Brief, at 12). Therefore, his argument is waived. **See** Pa.R.A.P. 2101; Pa.R.A.P. 2119(a)-(b); **Commonwealth v. Rayner**, 153 A.3d 1049, 1062 (Pa. Super. 2016),

*appeal denied*, 2017 WL 2957885 (Pa. filed July 11, 2017) (finding claim waived for failure to provide pertinent authority).

In addition, we agree with the PCRA court's finding that his argument would not merit relief. The court explained:

> [T]here is nothing in the record to indicate that the Commonwealth knew or should have known that [Appellant's] birthdate was anything other than March 17, 1975, the date stated on the documents in [his] possession at the time of his arrest. In addition, [Appellant] testified in court that he was [nineteen] years old when he accepted the plea agreement. He also acknowledged he was [nineteen] years old in the written guilty plea colloquy. Accordingly, the Commonwealth was under no duty "to verify with the appropriate authorities [his] true and correct date of birth." If [Appellant] was, in fact, under [eighteen] when the crimes in question were committed, he should have raised this issue prior to accepting the plea. The Commonwealth did not interfere with [Appellant's] ability to raise this issue sooner. Accordingly, the government interference exception does not apply to this case.

(Order, 3/23/17, at 2 n.1).

As previously stated, we agree with the court. Accordingly, because Appellant has failed to plead and prove the applicability of an exception to the timeliness requirements of the PCRA, the court properly dismissed his petition as untimely. **Rykard**, **supra** at 1183; **Johnston**, **supra** at 1126. Appellant's issue lacks merit.[5]

---

[5] Because it is not material to our disposition, we need not address Appellant's second issue, in which he claims that the PCRA court erred in making its alternative finding that his claim was previously litigated or waived where he raised a different theory under **Miller** in his fourth PCRA
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

_[signature]_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2017

---

*(Footnote Continued)* —————————

petition.  (***See*** Appellant's Brief, at 3; ***see also*** Rule 907 Notice, at unnumbered page 4 n.1).

However, we briefly note the Commonwealth's representation that Appellant's issue was previously litigated in the United States Third Circuit Court of Appeals.  (***See*** Commonwealth's Brief, at 13-14).  We recognize that this Court has observed that "an issue can be previously litigated in a federal collateral attack" for purposes of the waiver provision of the PCRA. ***Commonwealth v. Burkett***, 5 A.3d 1260, 1271 (Pa. Super. 2010). Nevertheless, because the documents filed in federal court are not in the certified record, we are unable to review whether Appellant pleaded the precise argument he now raises. ***See Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 972 A.2d 521 (Pa. 2009) ("This Court does not rely on items *dehors* the record[.]").  Hence, we make no finding as to the Commonwealth's argument.