**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Norman G. PATTERSON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 26, 2007.

Filed Aug. 13, 2007.

Norman G. Patterson, appellant, pro se.

Angela R. Krom, Asst. Dist. Atty., Chambersburg, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant files this *pro se* appeal from the judgment of sentence entered

June 2, 2006, in the Franklin County Court of Common Pleas, following a violation of probation (VOP) hearing.[1]  We hold that a defendant who seeks to retain private counsel must receive proper notice of the date by which counsel must enter his appearance.  Accordingly, we vacate and remand.

¶ 2 Appellant was sentenced on a number of crimes in 1992 and 1994.  While released on probation, Appellant was arrested for and convicted of fleeing or attempting to elude a police officer and reckless endangerment.  Appellant admitted to violating his probation at a subsequent hearing, but the court deferred sentencing until he received his sentence for the most recent convictions.  After he was sentenced to nine months' to two years' imprisonment on those convictions, Appellant, through counsel, filed a "Motion to Deny [the Commonwealth's] Motion to Revoke," arguing that he had completed the previous sentences and that, in any event, the Pennsylvania Board of Probation and Parole had sole jurisdiction to revoke his probation.

¶ 3 On May 4, 2006, the trial court conducted a hearing on Appellant's counsel's motion for leave to withdraw.  At the hearing, Appellant asked the court to grant counsel's motion, but also indicated that he would seek different counsel:

> THE COURT: And what did you plan, did you anticipate that you would need counsel in those [future proceedings]?
>
> [APPELLANT]: I anticipate it, but I will seek other counsel for that.

> THE COURT: You're going to seek—you're going to retain another attorney to represent you in those matters?
>
> [APPELLANT]: Yes.

(N.T. Hearing, 5/4/06, at 3).[2]  The trial court subsequently permitted Appellant's counsel to withdraw by order stating:

> May 4, 2006, [Appellant] appearing before the court with counsel for hearing and colloquy on [Appellant]'s motion to release his current counsel from any further representation, and it appearing to the court upon examination of [Appellant] that he has made a voluntary, knowing and intelligent decision to release his current counsel from any further representation, [THE COURT HEREBY GRANTS the motion and directs that Appellant's attorney will be released from any further representation of Appellant in these matters].

(Order, filed 5/4/06).[3]

¶ 4 On June 2, 2006, Appellant appeared for his sentencing hearing, at which the following exchange took place:

> THE COURT: ... Now, we know that [Appellant] discharged his former counsel and, [Appellant], have you made arrangements for new counsel?
>
> [APPELLANT]: It's not final yet, no, sir.  I'm still working on that right now.
>
> THE COURT: All right.  And you were aware that today was the date and time for sentencing?
>
> [APPELLANT]: No, I never got the paper.

---

1.  Appellant erroneously appealed from the order entered August 23, 2006, denying his post-sentence motions.  We have corrected the caption accordingly.

2.  The trial court noted at the beginning of the hearing that it conducted an off-the-record colloquy, with counsel and Appellant present.

3.  This bracketed portion is quoted from the trial court docket, as the actual order within the certified record appears to be missing a page.

I just received the one for the motion that I appealed on May 4th on Tuesday.

[COMMONWEALTH]: I showed him my copy of the court's order dated May 18th which indicates that he was served, although I know he had expressed to sheriff's deputies that he didn't have any idea why he was brought in here today.

\* \* \*

THE COURT: Well, but [Appellant] has gotten a lot of notices prior to this from your office.

[COMMONWEALTH]: Well, they would have been probably through [previous counsel]. I don't know that we would have necessarily—

THE COURT: That they probably mailed it to [previous counsel].

[APPELLANT]: That's what I was going to bring up.

THE COURT: All right, well, either way you didn't get it.

Now, [Appellant], are you prepared to go ahead today?

[APPELLANT]: Yeah. Somewhat, yes.

THE COURT: [Appellant], I believe the last time you appeared in court because of Mr. Rice's withdrawal we discussed the idea of counsel?

[APPELLANT]: Yes.

THE COURT: And you told me then that you were attempting to obtain representation.

I believe we discussed the fact that you would be eligible for assistance of court appointed counsel?

[APPELLANT]: Yes.

THE COURT: And I think you've been aware of that all along?

[APPELLANT]: Yes.

THE COURT: But you're not asking for appointment of counsel?

[APPELLANT]: At this time, no, sir. (N.T. Sentencing Hearing, 6/2/06, at 3, 6–7). The court proceeded to hear evidence regarding Appellant's previous sentences, then determined that Appellant's sentences for previous convictions had not expired. Accordingly, it found Appellant in violation of probation and sentenced him to two to five years' imprisonment, to be served consecutively to his fleeing and reckless endangerment convictions. The trial court denied post-sentence motions on August 23, 2006. On September 25, 2006, the trial court received a "Concise Statement of Matters Complained of [o]n Appeal," which it considered to be both Appellant's notice of appeal and a properly filed Pa.R.A.P.1925(b) statement. The trial court responded accordingly by filing its 1925(a) opinion.

¶ 5 Initially, we note that we consider this appeal to be timely. Although Appellant's notice of appeal, on its face, appears to have been untimely filed three days beyond the final date of September 22, 2006, the document is dated September 20, 2006. Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing. *Commonwealth v. Wilson*, 911 A.2d 942, 944 n. 2 (Pa.Super.2006). Although the record is bereft of the envelope in which the notice of appeal was mailed, and thus lacks a postmark definitively noting the date of mailing, we note that September 23rd and 24th were weekend days. Thus, in order for the trial court to have received the notice of appeal by September 25th, it is likely that Appellant mailed his notice of appeal on or before September 22nd. Accordingly, we decline to quash the appeal for untimeliness. *See id.*

¶ 6 Next, we are compelled to address Appellant's *pro se* status during critical phases of his prosecution. As stated

above, the trial court found Appellant's decision to release counsel from representation to be knowing, intelligent, and voluntary. However, Appellant's answers at the May 4, 2006 hearing clearly indicate that he was not seeking *pro se* status, but rather a change of counsel. Further complicating matters, the June 2, 2006 VOP hearing was held despite Appellant's having received no notice of the proceeding, and despite his lack of representation.

■■■ ¶ 7 Generally, "[t]he decision of whether to grant a request for a change of counsel is a matter vested to the sound discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion." *Commonwealth v. Basemore*, 525 Pa. 512, 582 A.2d 861, 865 (1990), *cert. denied*, 502 U.S. 1102, 112 S.Ct. 1191, 117 L.Ed.2d 432 (1992). It is "well established that a defendant has a constitutional right to choose any lawyer he may desire, at his own cost and expense." *Commonwealth v. Rucker*, 563 Pa. 347, 761 A.2d 541, 542 (2000). However, "[t]he situation is different for a defendant who is not employing counsel at his own expense, and who, at public expense, seeks court-appointed counsel. Such a defendant does not have a right to choose the particular counsel to represent him." *Id.* at 542 n. 1 (citations omitted).

■■■ ¶ 8 The trial court's obligations when a defendant requests **change** of counsel are different from its obligations when a defendant requests **waiver** of his right to counsel. When a defendant seeks waiver of his right to counsel, he clearly manifests his intentions to proceed *pro se*, requiring the trial court to conduct a thorough, on-the-record colloquy to ascertain whether the waiver is knowing, voluntary, and intelligent. *See Commonwealth v. Lucarelli*, 914 A.2d 924, 929 (Pa.Super.2006) (quoting Pa.R.Crim.P. 121(C)). Thus, the court must conduct a colloquy on the following six elements:

(1) whether the defendant understands that he has a right to be represented by counsel and the right to free counsel if he is indigent, (2) whether the defendant understands the nature of the charges against him and the elements of each of those charges, (3) whether the defendant is aware of the permissible range of sentences and/or fines for the offenses charged, (4) whether the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules, (5) whether the defendant understands that there are possible defenses to these charges of which counsel might be aware, and if these defenses are not raised they may be lost permanently, and (6) whether the defendant understands that, in addition to defenses, the defendant has other rights that, if not timely asserted, may be lost permanently and that if errors occur and are not objected to or otherwise timely raised by the defendant, the objection to these errors may be lost permanently.

*Id.* (quoting *Commonwealth v. McDonough*, 571 Pa. 232, 812 A.2d 504, 506–07 (2002), and citing Pa.R.Crim.P. 121 cmt.). "Failure to conduct a thorough on-the-record colloquy before allowing a defendant to proceed to trial pro se constitutes reversible error." *Id.* (quoting *Commonwealth v. Houtz*, 856 A.2d 119, 124 (Pa.Super.2004)).

■■ ¶ 9 Instantly, the May 4, 2006 order did not specify whether the trial court was granting a complete waiver of counsel or permitting Appellant to change counsel. Regardless, because Appellant asserted that he was attempting to obtain new counsel, which request the trial court repeated to him, we find that the May 4th

order properly granted Appellant permission to seek privately-retained counsel.[4] *See Rucker, supra.*

¶ 10 However, Appellant appeared at the June 2, 2006 hearing without counsel. We acknowledge that, when contemplating a defendant's right to representation or *pro se* status, courts may consider what is proper to avoid inconvenience and delay and to maintain continuity. *Cf. Commonwealth v. Waskovich,* 805 A.2d 607, 612 (Pa.Super.2002) (quoting *Commonwealth v. Vaglica,* 449 Pa.Super. 188, 673 A.2d 371, 373 (1996)) (finding that request to proceed *pro se* minutes before start of trial was designed to seek delay of trial and was thus properly denied), *appeal denied,* 572 Pa. 741, 815 A.2d 1042 (Pa. 2003). Nonetheless, the notes of testimony reveal that Appellant did not receive notice of the June 2nd hearing; therefore, he did not know by which date he was required to procure counsel. Although the court conducted a brief colloquy to determine whether Appellant was aware of his right to court-appointed counsel, this colloquy, even when combined with the colloquy from the May 4th hearing, was not nearly sufficient to satisfy the standards for waiver of counsel inquiries.[5] Appellant was not asked whether he understood the permissible range of sentences, that he would still be bound by rules of procedure, the risks involved in failing to raise certain defenses, or the risks involved in failing to assert other rights in a timely manner. *See Lucarelli, supra.* Instead, it appears that Appellant proceeded without counsel

because he was already present and had some knowledge of the arguments he wished to raise. Given the complicated nature of his original sentences and the jurisdictional issues involved, it was especially vital that Appellant's representation be resolved before these matters were addressed.

¶ 11 Accordingly, we vacate Appellant's judgment of sentence and remand for a hearing to determine Appellant's representation. The trial court shall first schedule a new sentencing hearing. If Appellant continues to express a desire to obtain his own counsel, the trial court shall set a date certain by which Appellant's counsel must enter his appearance. If privately-retained counsel does not enter an appearance by the date set by the trial court, then counsel shall be appointed in order to comply with the sentencing hearing date. If, at any point, Appellant requests *pro se* status, the trial court shall conduct a full colloquy on the record at the new sentencing hearing to ensure that his request is knowing, intelligent, and voluntary.[6]

¶ 12 Additionally, Appellant has filed a Motion to Compel Production, seeking specific notes of testimony, while the Commonwealth has filed a responsive Motion in Opposition. Based on our disposition, we deny both motions as moot, without prejudice to their re-filing these motions with the trial court.

¶ 13 Judgment of sentence vacated. Case remanded with instructions. Appellant's Motion to Compel Production denied as moot. Commonwealth's Motion in Oppo-

---

4. It is unclear from the record whether counsel was appointed or privately retained. This distinction is irrelevant because it appears that Appellant was seeking privately-retained counsel. *See Rucker, supra.*

5. Nor may we consider the off-the-record colloquy which apparently occurred before the May 4th hearing.

6. Moreover, once Appellant's *pro se* status has been properly established, either privately-retained or appointed counsel should serve as standby counsel.

sition denied as moot. Jurisdiction relinquished.