J-S62024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIE MAURICE HARRIS | |
| Appellant | No. 525 WDA 2015 |

Appeal from the PCRA Order February 25, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0003121-1997

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED NOVEMBER 16, 2015**

Appellant Willie Maurice Harris appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously set forth the underlying facts and procedural history of this appeal as follows:

> On August 9, 1996, the victim, Roderick McMahon, (hereinafter referred to as "McMahon"), who was also known by his street name of Rebel, was drinking beer with his friend, Shawn Featherstone, (hereinafter referred to as "Featherstone"), in an area near 7320 Fleury Way. McMahon, Featherstone, and several other individuals, continued to drink beer into the early morning hours of August 10, 1996.  Shortly after midnight on August 10,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

1996, Susie Venson, (hereinafter referred to as "Venson"), who lived at 7320 Fleury Way, came out of her house and engaged McMahon in a discussion. Initially, the discussion appeared to be friendly; however, it ultimately led to an argument, which caused Venson to go back into her house where she had a conversation with Appellant. As a result of that conversation, Appellant then left Venson's residence and went out into the street calling for McMahon to identify himself. When McMahon approached Appellant, an argument ensued between them and Appellant produced a gun and pointed it at McMahon. During their discussion, a second gun was produced thereby preventing Appellant from carrying out the threats that he was making. Appellant then turned and left and returned to Venson's apartment. It is at this point that the testimony presented by the Commonwealth and the defense differs.

The Commonwealth maintained at trial that once Appellant returned to Venson's residence, he went out the back door of her residence and went into an alleyway, hiding himself from view of McMahon and his friends and then fired several shots at McMahon, one of which struck McMahon in the abdomen and ultimately led to his death. Appellant offered testimony that he expressed fear for his safety when he returned to Venson's apartment, that he called a jitney, and that he was going to leave the area. Appellant further testified that he went out the back door and he was going to run across the backyard when he was fired upon and he returned that fire in self-defense when he was standing at the back of the alley, which abutted Venson's building. The physical facts found at the scene of the accident including the casings from Appellant's gun contradicted Appellant's testimony since all of the casings were found in the front of the alley near Fleury Way and not at the rear of Venson's building where Appellant said he was fired upon.

Appellant was charged generally with the crime of criminal homicide and a jury trial was held on August 4, 1997 through August 7, 1997, when the jury convicted Appellant for the crime of first-degree murder. On September 4, 1997, Appellant was sentenced to the mandatory sentence of life without the possibility of parole. Appellant filed timely post-sentence motions in which he alleged that his

trial counsel was ineffective for failing to call two witnesses. A hearing was held on those motions and after that hearing, Appellant's post-sentence motions were denied. Appellant filed a timely notice of appeal to the Superior Court and after the trial court filed its opinion, Appellant's appeal was dismissed for failure of his appellate counsel to file a brief. In dismissing Appellant's appeal, the Superior Court acknowledged that it was without prejudice with respect to Appellant's rights to raise the claims asserted in that appeal in any subsequent post-conviction relief petition.

On October 1, 2001, Appellant filed a petition for post-conviction relief seeking the reinstatement of his appellate rights. Following the answer submitted by the Commonwealth and an argument on that motion, Appellant's direct appeal rights were reinstated on March 26, 2002. Appellant filed a timely appeal and was directed to file his concise statement of matters complained of on appeal. Appellant requested several continuances to file that statement and on March 18, 2003, he filed a concise statement of matters complained of on appeal to which he attached an alleged affidavit from Featherstone, the Commonwealth's [eyewitness] at the time of Appellant's trial, in which Featherstone allegedly recanted his testimony.

On August 6, 2004, the Superior Court affirmed Appellant's judgment of sentence and after determining that while post-conviction proceedings were timely filed and dismissed without prejudice, the claims of the ineffectiveness of Appellant's counsel could be raised in a subsequent petition for post-conviction relief. Appellant filed a petition for allowance of appeal to the Supreme Court, which petition was granted on February 11, 2005, however on February 20, 2007, that appeal was dismissed as being improvidently granted.

On October 1, 2007, Appellant filed a *pro se* petition for post-conviction relief, claiming that he was entitled to have his judgment of sentence vacated and be granted a new trial. Thereafter, counsel was appointed by order dated October 17, 2007 and an amended petition was filed on

> February 1, 2010. Following a hearing on the petition for post-conviction relief, Appellant's petition was denied….

*Commonwealth v. Harris*, No. 1404 WDA 2011, unpublished memorandum at 1-3 (Pa.Super. filed June 20, 2012) (quoting the PCRA court opinion, filed December 12, 2011, at 2-5).

This Court affirmed the order denying Appellant's petition for PCRA relief on June 20, 2012. Our Supreme Court denied Appellant's petition for allowance of appeal on March 21, 2013.

On May 28, 2013, Appellant filed the present PCRA petition, which he subsequently amended on September 26, 2013.[2] On July 2, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. On August 5, 2014, Appellant filed an answer to the PCRA court's Pa.R.Crim.P. 907 notice. On February 25, 2015, the PCRA court dismissed Appellant's petition. Appellant filed a timely notice of appeal[3] and both Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

_____

[2] On February 14, 2014, Appellant filed a notice of appeal, which the PCRA court quashed as a nullity on February 13, 2015, because the PCRA court had not yet issued a final order.

[3] Although Appellant's notice of appeal was not filed with the court until March 31, 2015, we deem Appellant's notice of appeal timely because he mailed it from prison on March 23, 2015. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa.Super.2007) ("Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing.").
*(Footnote Continued Next Page)*

Appellant raises the following issue for our review.

> WHETHER THE TRIAL COURT GAVE A DEFECTIVE ORDER, BY FAILING TO SPECIFY HOW APPELLANT'S PETITION WAS UNTIMELY, THEREBY CONSTITUTING A VIOLATION OF APPELLANT'S U.S. CONSTITUTIONAL AND PA CONSTITUTIONAL DUE PROCESS RIGHTS AND COMMITTING FRAUD UPON THE COURT?

Appellant's Brief at iii.

Before we address the merits of Appellant's claim, we must determine whether his PRCA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). "Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition." **Id.** To "accord finality to the collateral review process[,]" the PCRA "confers no authority upon [appellate courts] to fashion *ad hoc* equitable exceptions to the PCRA timebar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa.2011). With respect to jurisdiction under the PCRA, this Court has further explained:

> The most recent amendments to the PCRA...provide a
> PCRA petition, including a second or subsequent petition,

*(Footnote Continued)* ───────────────

---

[4] On April 13, 2015, the PCRA court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) by May 7, 2015. Although Appellant's Pa.R.A.P. 1925(b) statement was not filed with the court until May 12, 2015, both the statement and the verification are dated May 4, 2015. Thus, we decline to find Appellant's issue waived for failure to timely file a Pa.R.A.P. 1925(b) statement. The PCRA court issued a Pa.R.A.P. 1925(a) opinion on June 11, 2015.

shall be filed within one year of the date the underlying judgment becomes final. A judgment is deemed final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super.2010) (citations and quotations omitted), *appeal denied*, 20 A.3d 1210 (Pa.2011); ***see also*** 42 Pa.C.S. § 9545. This Court may review a PCRA petition filed more than one year after the judgment of sentence becomes final only if the claim falls within one of the following three statutory exceptions, which the petitioner must plead and prove:

(i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, if a petition pleads one of these exceptions, the petition will not be considered unless it is "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Additionally, a heightened standard applies to a second or subsequent PCRA petition to avoid "serial requests for post-conviction relief." *Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa.2011). A second or subsequent PCRA petition will not be entertained unless "the petitioner makes a strong *prima facie* showing that a miscarriage of justice may have occurred." *Commonwealth v. Medina*, 92 A.3d 1210, 1215 (Pa.Super.2014) (*en banc*), *appeal granted*, 105 A.3d 658 (Pa.2014). "Appellant makes a *prima facie* showing of entitlement to relief only if he demonstrates either that the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." *Id.* (citation omitted).

Here, Appellant's judgment of sentence became final on May 21, 2007, when his time for seeking review with the United States Supreme Court expired. *See Monaco, supra.* Therefore, he had until May 21, 2008 to timely file a PCRA petition. Appellant filed the instant *pro se* PCRA petition, his second,[5] on May 28, 2013. Thus, his PCRA petition is facially untimely, and we must determine whether Appellant has pled and proved any of the exceptions to the PCRA time limitation. *See* 42 Pa.C.S. § 9545(b)(1).

_____

[5] The PCRA court states this is Appellant's fourth petition for relief, however, this is the second petition Appellant filed for relief after his judgment of sentence became final.

Appellant raises seventeen (17) claims in his *pro se* PCRA petition. He claims he is entitled to relief for prosecutorial misconduct, improper jury instructions, and ineffective assistance of counsel. He offers no reason why he could not have raised these claims in his last PCRA petition or at his evidentiary hearing on the petition, nor does he explain how he has raised them within sixty (60) days of the date the claims could have been presented.

Appellant also claims he is entitled to relief pursuant to **Miller v. Alabama**, 132 S.Ct. 2455 (U.S.2012), in which the Supreme Court held that the mandatory imposition of life in prison without the possibility of parole for juveniles was cruel and unusual punishment in violation of the Eighth Amendment. Even if the Supreme Court rules in **Montgomery v. Louisiana**, 135 S.Ct. 1546, ___ U.S. ___ (2015) that this constitutional right applies retroactively, Appellant would not be eligible for such relief. Although Appellant claims he was seventeen at the time of the murder, the record reflects that he was born on October 3, 1977, and he committed the murder on August 10, 1996. Thus, Appellant was almost nineteen years old when he murdered his victim, and this rule would not apply to him.

Appellant's petition is time-barred, and the PCRA court properly denied it. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/16/2015</u>