J-S73007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    :        PENNSYLVANIA
                                                    :
                v.                                         :
                                                    :
LUIS U. RUIZ                                   :
                                                    :
                 Appellant                  :     No. 1073 MDA 2017

Appeal from the PCRA Order June 1, 2017
In the Court of Common Pleas of Berks County Criminal Division at No(s):
CP-06-CR-0001312-2013,
CP-06-CR-0005885-2013, CP-06-CR-0005932-2013,
CP-06-CR-0005934-2013, CP-06-CR-0005938-2013,
CP-06-CR-0005940-2013

BEFORE:    OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                  **FILED JANUARY 08, 2018**

Appellant, Luis U. Ruiz, appeals from an order entered on June 1, 2017 in the Criminal Division of the Court of Common Pleas of Berks County that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant procedural history in this case as follows. On May 29, 2014, Appellant entered a negotiated guilty plea at six separate criminal dockets for which he received an aggregate sentence of seven to 14 years' imprisonment. Thereafter, no post-sentence motions were filed and no direct appeal was lodged.

---

\*   Retired Senior Judge assigned to the Superior Court.

On or around May 18, 2015, Appellant filed a *pro se* motion, which the court treated as a petition for collateral relief pursuant to the PCRA. The PCRA court appointed counsel, who filed an amended petition.

A hearing on Appellant's PCRA petition followed on October 19, 2016. Both Appellant and plea counsel testified at the hearing. After receiving briefs from both parties, the PCRA court denied relief on June 1, 2017. The court then permitted appointed counsel to withdraw and Appellant filed this appeal on June 27, 2017.[1]

Appellant raises three issues for our review:

_____

[1] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925. For purposes of exercising appellate jurisdiction, we shall treat Appellant's notice of appeal as timely filed. Following the denial of his petition on June 1, 2017, Appellant filed a *pro se* notice of appeal that was hand-dated June 27, 2017 and docketed in the PCRA court on July 5, 2017 – two days outside the expiration of the 30-day appeal period, July 3, 2017. **See** Pa.R.A.P. 903(a). "A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities." Pa.R.A.P. 121(a). In this case, Appellant's notice of appeal was received only two days outside the appeal period and one of those days was the July 4th holiday which lacked postal service. Under these circumstances, we may infer that Appellant placed his notice of appeal into the hands of prison officials before the appeal period expired. **See Commonwealth v. Patterson**, 931 A.2d 710 (Pa. Super. 2007) (panel may avoid quashal where date of receipt indicates that Appellant likely placed notice of appeal into hands of prison authorities before expiration of thirty days from final order).

Whether the PCRA court erred in denying [Appellant's] petition for relief under the [PCRA] where counsel was ineffective for failure to file [an] appeal as requested by [Appellant]?

Whether [Appellant's] guilty plea was induced by the ineffective assistance of counsel?

Whether counsel was ineffective for failing to guarantee [Appellant] his constitutional right to an appeal?

Appellant's Brief at 4 (block capitalization omitted).

All of Appellant's issues allege that he is entitled to collateral relief because plea counsel provided ineffective assistance of counsel. Our standard of review is well settled:

We review the denial of a PCRA [p]etition to determine whether the record supports the PCRA court's findings and whether its [o]rder is otherwise free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

\* \* \*

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. In order to succeed on a claim of ineffective assistance of counsel, [an a]ppellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. Where the underlying claim lacks arguable merit, counsel cannot be deemed ineffective for failing to raise it. [An a]ppellant bears the burden of proving each of these elements, and his failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016) (internal citations, quotations, and original brackets omitted).

Appellant's first issue asserts that plea counsel was ineffective because he failed to file a requested direct appeal. In **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999), our Supreme Court explained counsel's obligations when presented with a request to litigate a direct appeal.

> [W]here there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of [42 Pa.C.S.A. § 9543(a)(2)(ii)]. Therefore, in such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or demonstrate the merits of the issue or issues which would have been raised on appeal.

**Lantzy**, 736 A.2d at 572.

Here, Appellant produced no documented requests to file an appeal and the PCRA court refused to credit Appellant's testimony that he asked counsel to file a direct appeal shortly after he entered his guilty plea and received a negotiated sentence. Instead, the court credited the testimony of plea counsel, who denied that Appellant asked him to file an appeal. The PCRA court explained:

> Instantly, [the court] had the opportunity to closely observe both [Appellant] and his plea counsel when testifying about these events. Counsel emphatically testified that [Appellant] never requested that he file [a direct] appeal. He also testified that his retainer did not extend to an appeal. However, [c]ounsel stated that he would have still filed a notice of appeal prior to withdrawing, had such an appeal been requested. [The trial court] also [found Appellant's] testimony to be incredible. His assertion that he had several discussions with [c]ounsel in which

- 4 -

[p]lea [c]ounsel told him he was going to file an appeal was clearly mendacious.

In conclusion, [p]lea [c]ounsel, an experienced member of the bar, testified, under oath, that no appeal was requested. Finding [p]lea [c]ounsel credible, [the court finds] that no appeal was ever requested. Appellant is not entitled to the reinstatement of his appellate rights resulting from a fictitious request.

PCRA Court's Opinion, 6/1/17, at 2. "[A]s an appellate court, [we] may not second-guess the PCRA court's credibility determinations." *Commonwealth v. Donaghy*, 33 A.3d 12, 16 (Pa. Super. 2011), *appeal denied*, 40 A.3d 120 (Pa. 2012). Because Appellant made no request for a direct appeal, his first claim merits no relief.

Appellant's second issue asserts that his guilty plea was induced by counsel's ineffectiveness. "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999); *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246-1247 (Pa. Super. 2002). To determine whether such a claim possesses arguable merit, we measure the claim under the standard applied when a petition to withdraw the plea has been submitted after sentencing. *Id.* at 1247. It is well-established that a showing of manifest injustice is required before withdrawal is properly justified under these circumstances. *Id.*

Appellant contends that counsel's representation was deficient because he failed to file a motion to suppress. *See* Appellant's Brief at 11. To

support this contention, Appellant argues, without elaboration, that counsel should have challenged the legality of his arrest and the ensuing search. *Id***.** Appellant's bald assertions fail to articulate the factual and legal underpinning of his suppression claims and, moreover, fail to explain how these circumstances influenced his decision to enter a guilty plea. Boilerplate claims of counsel's ineffectiveness, which fail to meaningfully discuss and apply governing standards of review, are generally insufficient to obtain collateral relief. ***Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001). Hence, this claim fails.

Appellant's final claim asserts that counsel was ineffective because he breached his obligation to consult with Appellant regarding his appellate rights. In ***Roe v. Flores–Ortega***, 528 U.S. 470 (2000), the United States Supreme Court held that counsel "has a constitutionally-imposed duty to consult with his client about an appeal when there is reason to think either (1) that a rational defendant would want to appeal ..., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id***.** at 480. The Court defined the term "consult" to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id***.** at 478. If a collateral petitioner demonstrates that counsel breached his duty to consult, the petitioner must then show that counsel's failure prejudiced him. *Id***.** at 481. This showing demands that the

petitioner establish "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. Such a showing will depend on the facts of individual cases. *Id*. at 485.

At the PCRA hearing, plea counsel testified as follows relevant to the principles discussed above.

> There was no discussion after [Appellant] entered the plea and was sentenced. I don't know what issue he could have appealed. It was a voluntary plea. [Appellant] knew that he did not have to take the plea, that he could have [gone] to trial. So I'm not even sure what it would be, what issue he would possibly appeal. The sentence was exactly as he had been promised, exactly as he had been told it would be.

N.T. PCRA Hearing, 10/19/16, at 14. Because Appellant has not specified any issues or circumstances that implicated counsel's duty to consult, we see no reason to disturb the PCRA court's order dismissing Appellant's petition for collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2018

- 7 -