J-S25002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TODD P. ALLEN | |
| Appellant | No. 48 MDA 2019 |

Appeal from the Order Entered November 13, 2018
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000019-2002

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED: SEPTEMBER 19, 2019**

This case returns to us following remand for the Court of Common Pleas of Lackawanna County ("trial court") to conduct an evidentiary hearing to determine whether Appellant delivered his *pro se* notice of appeal to prison authorities within thirty days of the November 13, 2018 contempt order from which this appeal lies.  For the reasons set forth below, we quash this appeal for want of jurisdiction.

Because of Appellant's failure to pay his court costs and fines, on November 13, 2018, the trial court found him in contempt of court, sentenced him to six months' imprisonment and stayed the sentence upon payment of $1,086.50 in outstanding court costs and fines.  On November 14, 2018, the outstanding fines and costs were paid in full.  *See* N.T. Hearing, 8/27/19, at 6.  Thereafter, Appellant *pro se* appealed to this Court on December 19, 2018.

The Commonwealth argued that this appeal should be quashed as untimely, pointing out that Appellant's notice of appeal fell outside of the thirty-day appeal period. Appellant, however, countered that his notice of appeal was timely because he delivered it to the prison authorities on December 12, 2018.

Under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997); ***see also Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998) ("[F]or prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system.").

> Pennsylvania Rule of Appellate Procedure 121 provides, in relevant part:
>
> A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities.

Pa.R.A.P. 121(a). A prisoner bears the burden of proving delivery of the notice to prison authorities within the prescribed time period for its filing. ***See Jones***, 700 A.2d at 426. Reasonable verifiable evidence for proving timely delivery includes, but is not limited to, a Postal Form 3817 certificate of mailing or a prison "cash slip" noting a prisoner account deduction and the date of mailing. ***Id.*** The court may also consider a prisoner's affidavit attesting to the date of deposit, as well as evidence regarding the operating procedures of the mail delivery service in question. ***Id.***

"Where . . . the facts concerning the timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted." ***Id.*** at 426 n.3. "Where, however, the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand." ***Cooper***, 710 A.2d at 79 (citation omitted); ***see also Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) (deeming appeal timely based on the date on the notice of appeal and date of receipt three days after the thirty-day period expired).

In the present case, where the Commonwealth challenged the timeliness of Appellant's notice of appeal, the certified record did not contain the envelope in which the notice of appeal was mailed, nor a prisoner cash slip. The date of filing, December 19, 2018, is six days beyond the last day of the appeal period—December 13, 2018. Nonetheless, based on the hand-written date of "December 12, 2018" on Appellant's notice of appeal and "proof of service," we concluded that it was possible that Appellant placed the *pro se* documents in the hands of prison officials on or prior to December 13, 2018. As a result, we determined that on the record before us a factual question existed as to whether the notice of appeal was timely filed pursuant to the "prisoner mailbox rule." Accordingly, we remanded this case to the trial court to hold an evidentiary hearing to determine whether Appellant delivered his *pro se* notice of appeal to prison authorities within thirty days of the November 13, 2018 contempt order.

On August 27, 2019, the trial court conducted a hearing, at which Appellant failed to appear. On September 3, 2019, the trial court issued an order finding that Appellant did not appear at the evidentiary despite being served a written notice of the hearing date, and consequently, "did not establish that he filed the instant appeal in a timely manner." Trial Court Order, 9/3/19. We agree.

"Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). As this Court has emphasized "[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. . . . Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. *Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014) (citations omitted). Importantly, and as stated above, with respect to incarcerated *pro se* litigants, "the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011).

Here, Appellant carried the burden of proof that he delivered the notice of appeal to prison authorities within the thirty days of the date of November 13, 2018 order. Appellant, however, failed to meet that burden because he did not appear at the August 27, 2019 evidentiary hearing despite being sent a written notice. Given Appellant's failure to appear at that hearing, we are

- 4 -

left with a notice of appeal filed on December 19, 2018, six days beyond the last day of the appeal period, *i.e.*, December 13, 2018. As a result, the instant appeal is facially untimely and we are constrained to quash it for want of jurisdiction.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2019