J-S31023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREE WATSON | : | |
| | : | |
| Appellant | : | No. 341 EDA 2021 |

Appeal from the PCRA Order Entered January 21, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002444-2012

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                              **FILED DECEMBER 10, 2021**

Appellant, Tyree Watson, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 28, 2011, a store security camera recorded Appellant walking down a street in North Philadelphia wearing a dark t-shirt and jeans and carrying a blue backpack and iPad.  A separate surveillance camera recorded Appellant passing a man in a white t-shirt.  Shortly after, Appellant placed his backpack and iPad on the steps of a store and removed a gun from his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

backpack. A separate surveillance camera showed the man in the white t-shirt running from Appellant as Appellant followed. Charles Gilbert ("Victim") was standing in the area where the man in the white t-shirt was running. Appellant fired a shot at the man in the white t-shirt and struck Victim.

A surveillance camera caught Appellant returning from the direction where Victim was shot, placing an object in the backpack, and picking up the backpack and iPad before walking away. Police later found the blue backpack and iPad inside a car that was seen leaving the area of the shooting. The car belonged to Appellant's longtime friend. The iPad contained photos of Appellant on the lock-screen and home-screen.

The Commonwealth charged Appellant with two counts of attempted murder, two counts of aggravated assault, carrying a firearm without a license, carrying a firearm in public in Philadelphia, and possession of an instrument of crime. At trial, the officers who responded to the scene of the shooting identified Appellant as the person on the surveillance video with the blue backpack and iPad.[2]

Detective Steven Grace testified that he and his partner, Detective Donald Suchinsky, were assigned to this case. They went to Temple University Hospital and spoke briefly to Victim but were unable to get a formal statement

_____

[2] The responding officers testified that they knew Appellant personally from working at Simon Gratz High School where Appellant had previously attended or being assigned to patrol Appellant's neighborhood.

from him at the time. They reviewed the surveillance footage, spoke to the responding officers, and interviewed the owner of the vehicle seen leaving the scene of the shooting. Based on the evidence gathered, the detectives prepared and executed a search warrant of Appellant's residence. Nothing was recovered from the residence other than mail addressed to Appellant. Detective Grace returned to Temple University Hospital to interview Victim. He testified that he asked the questions and recorded Victim's answers himself.

On September 13, 2016, a jury found Appellant guilty of all charges. The trial court sentenced Appellant on January 5, 2017, to an aggregate term of 9 to 18 years of incarceration and four years of probation. This Court affirmed Appellant's sentence on May 11, 2018, and our Supreme Court denied allowance of appeal on September 18, 2018. *See Commonwealth v. Watson*, 192 A.3d 238 (Pa.Super. 2018) (unpublished memorandum), *appeal denied*, 648 Pa. 559, 194 A.3d 555 (2018).

Appellant timely filed a timely *pro se* PCRA petition on December 18, 2019.[3] The court appointed counsel, who filled an amended petition on June

_____

[3] The PCRA court issued a rule to show cause why the PCRA petition should not be dismissed as untimely. The court noted that Appellant's petition was filed on December 18, 2019, and the deadline to file a timely PCRA petition expired on December 17, 2019. In response, Appellant averred that he handed the PCRA petition to prison officials for mailing on December 17, 2019. Based on Appellant's averments and the "prisoner mailbox rule." we deem Appellant's PCRA petition timely. *See Commonwealth v. Little*, 716 A.2d
*(Footnote Continued Next Page)*

30, 2020. Following appropriate notice per Pa.R.Crim.P. 907, the court denied

PCRA relief on January 21, 2021. Appellant timely filed a notice of appeal on

January 28, 2021. The court did not request, and Appellant did not provide,

a Rule 1925(b) statement of errors complained of on appeal.

Appellant raises the following issue for our review:

> Whether the court erred in not granting relief on the PCRA
> petition due to newly discovered evidence?

(Appellant's Brief at 7).

Our standard of review of the denial of a PCRA petition is limited to

examining whether the evidence of record supports the court's determination

and whether its decision is free of legal error. **Commonwealth v. Conway**,

14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795

(2011). This Court grants great deference to the findings of the PCRA court if

the record contains any support for those findings. **Commonwealth v. Boyd**,

923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74

(2007). We do not give the same deference, however, to the court's legal

conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012).

On appeal, Appellant argues that he did not have access to vital

evidence regarding Detective Suchinsky's prior misconduct at the time of trial.

---

1287 (Pa.Super. 1998) (explaining submissions from incarcerated litigants are deemed filed when deposited to prison mailing system or handed to prison officials for mailing). **See also Commonwealth v. Patterson**, 931 A.2d 710 (Pa.Super. 2007) (holding *pro se* submission that arrived late for filing by three days was presumed timely, despite lack of supporting documentation, based on date of delivery).

Appellant contends that Detective Suchinsky was suspended for 15 days in 2002 for falsifying details in a police incident report. Appellant maintains that he did not learn this information until February 5, 2020, when a police misconduct disclosure packet was given to Appellant's counsel. Appellant insists that "it was unlikely for [trial counsel] to have discovered this through reasonable diligence as Detective Suchinsky was only mentioned in the trial as the partner of Detective Grace." (Appellant's Brief at 16). Appellant claims that evidence of Detective Suchinsky's prior misconduct would not have been solely for impeachment because it could have been used to question the validity of the warrant documents prepared by Detectives Grace and Suchinsky. Appellant reasons that probing the validity of these documents would have created reasonable doubt and a different outcome at trial was likely. Appellant concludes he is entitled to a new trial based on this after discovered evidence. We disagree.

To obtain relief based upon after-discovered evidence under the PCRA, a petitioner must demonstrate: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. **Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586 (2007). **See also Commonwealth v. Small**, 647 Pa. 423, 189 A.3d 961 (2018) (discussing quality of proposed "new evidence" and stating new evidence must be of higher grade or character than previously presented on material issue

to support grant of new trial). "Further, the proposed new evidence must be producible and admissible." ***Commonwealth v. Smith***, 609 Pa. 605, 629, 17 A.3d 873, 887 (2011), *cert. denied*, 567 U.S. 937, 133 S.Ct. 24, 183 L.Ed.2d 680 (2012).

Instantly, Detective Suchinsky's prior misconduct is unrelated to this case. Detective Suchinsky falsified details about a fire rescue in a police incident report to be nominated for a heroism commendation. This incident occurred nine years prior to Appellant's arrest. There is no evidence to suggest that Detective Suchinsky acted improperly in any way while investigating Appellant's case. Additionally, the record belies Appellant's claim that such evidence could call into doubt the validity of the warrant papers. The search warrant and arrest warrant were supported by strong independent evidence, namely the surveillance videos of the shooting location, identification of Appellant by the responding officers, and the discovery of Appellant's belongings in the vehicle seen leaving the area of the shooting. Thus, evidence of Detective Suchinsky's prior misconduct has only limited impeachment value at best. ***See Commonwealth v. Foreman***, 55 A.3d 532 (Pa.Super. 2012) (holding evidence of detective's criminal charges was solely for impeachment purposes and did not call into question chain of custody or evidence handling procedures).

Further, Detective Suchinsky did not testify at Appellant's trial. As Appellant notes in his brief, "Detective Suchinsky was only mentioned in the trial as the partner of Detective Grace." (Appellant's Brief at 16). The

Commonwealth presented strong independent evidence at trial to support Appellant's conviction. Specifically, Victim and four officers who were familiar with Appellant identified Appellant from the surveillance videos as the man in the dark shirt. Thus, the PCRA court concluded that "evidence of a nine year old discipline for falsifying a report, involving a detective who was not a witness at trial, and who played no significant role in the identification of [Appellant] as the perpetrator, would not result in a different outcome." (PCRA Court Order, filed January 21, 2021). The record supports the court's decision that Detective Suchinsky's prior misconduct does not satisfy the after-discovered evidence test. **See Washington, supra**; **Conway, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021