J-S34013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES R. TURNER, JR. | : | |
| | : | |
| | : | No. 529 WDA 2022 |

Appeal from the PCRA Order Entered March 17, 2022
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001944-2014

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED: October 7, 2022**

Appellant, James R. Turner, Jr., appeals *pro se* from the March 17, 2022 Order entered in the Beaver County Court of Common Pleas dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely. After careful review, we affirm.

The relevant facts and procedural history are as follows. On February 12, 2016, a jury convicted Appellant of the August 2014 murder by stabbing of his girlfriend, Patricia D. Thompson. On March 3, 2016, the trial court sentenced Appellant to 20 to 40 years' imprisonment. Appellant filed a post-sentence motion, which the trial court denied on November 2, 2016.

Appellant filed a timely notice of appeal from his judgment of sentence, but on December 9, 2016, sought the court's permission to withdraw it. At a

_____

[*] Retired Senior Judge assigned to the Superior Court.

hearing that same day, the court permitted Appellant to discontinue his direct appeal and appointed counsel to pursue a PCRA petition.

In 2017, Appellant filed his first PCRA petition, which failed to garner relief. More than 5 years later, on February 7, 2022, Appellant *pro se* filed the instant PCRA petition, claiming that his trial counsel provided ineffective assistance by not questioning one of the jurors ("Juror") about her potential bias against him. By way of background, Juror was a teacher at the high school attended by one of the assistant district attorneys ("ADA") prosecuting Appellant's case. When both the Commonwealth and Appellant's counsel had finished questioning Juror during *voir dire*, the lead prosecutor informed the court that the ADA had previously made Appellant's counsel aware of this fact. In his PCRA petition, Appellant asserted that Juror's identity "has been recently discovered."[1] Appellant stated that, at the time of trial, he did not know Juror's name to ascertain "proof of an association and situational relationship" with the ADA because Juror's name was "absent from the *voir dire* trial transcript."[2]

Appellant acknowledged that his petition was facially untimely and invoked the "governmental interference" and "previously unknown fact"

---

[1] PCRA Petition, 2/7/22, at 4.

[2] *Id.* at 3. Appellant asserted that the government interfered with the timely filing of his claim by not instructing Juror to reveal her name to Appellant at any time during *voir dire*. He averred that the "previously unknown fact" exception applied because Juror's name was not announced during the *voir dire* examination and is absent from the *voir dire* transcript.

exceptions to overcome the PCRA's time-bar.[3]  Appellant attached as exhibits to the petition excerpts of the *voir dire* examination transcript, screenshots of Juror's Linkedin page, and photocopies of pages from the Rochester High School 1997 Yearbook, including separate pages displaying photos of the ADA and Juror.  Notably, however, Appellant did not explain how he learned of Juror's name, did not attach any affidavit in support of the previously unknown fact,[4] and did not indicate why, with the exercise of due diligence, he could not have timely discovered this information. **See** Petition at 3.[5]

On February 23, 2022, the PCRA court issued a notice of intent to dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907 after concluding that Appellant's petition was untimely and that he had failed to plead and prove an applicable exception to the PCRA's time-bar.

On March 7, 2022, Appellant filed a response to the court's Rule 907 Notice titled "Supplement to Exhibits, Argument & Citation of Authorities." The PCRA court dismissed Appellant's petition on March 17, 2022.  On April

---

[3] **See** 42 Pa.C.S. § 9545(b)(1)(i), (ii).

[4] As explained in more detail below, Appellant waited until after the PCRA court had dismissed his petition and he had filed his notice of appeal to file an affidavit explaining how he came to know the new "fact."

[5] In a February 11, 2022 supplement to his PCRA petition titled "Corrections for Error's [*sic*]," Appellant acknowledged that after both counsel had completed their *voir dire* examination of Juror and Juror had left the courtroom, the Commonwealth's lead prosecutor informed the court that the ADA had "disclosed to the defense that the [ADA] was a student of [Juror's]." Corrections, 2/11/22, at 1.  **See also** N.T. Trial, 2/5/16, at 306.

18, 2022, Appellant filed a notice of appeal.[6] Simultaneously, he filed with the trial court a "Motion for Extension of Time to Submit Affidavits Supporting Claims," seeking an extension of time to file affidavits to support his invocation of the "previously unknown fact'" exception to the PCRA's jurisdictional time limit.[7]

Appellant complied with the PCRA court's order directing him to file a Pa.R.A.P. 1925(b) Statement. The trial court filed a statement in lieu of a Rule 1925(a) opinion referring this Court to its February 23, 2022 Rule 907 notice for its discussion of Appellant's issues.

Appellant raises the following issue on appeal:

> Whether the PCRA court erred by dismissing the PCRA petition for failing to prove the applicability of the timeliness exception contained in 42 Pa.C.S. § 9545[(b)(1)](i)-(ii)?

Appellant's Brief at 3.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This

---

[6] The lower court docket and the date on the notice of appeal itself reflects that Appellant placed it into the prison mail system on April 12, 2022. His notice of appeal was, therefore, timely filed pursuant to the "prisoner mailbox rule". ***See Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) (explaining that, pursuant to the "prisoner mailbox rule" a court deems "a document filed on the day it is placed in the hands of the prison authorities for mailing").

[7] On April 25, 2022, one week **after** Appellant had filed his notice of appeal, Appellant filed an affidavit of his son, Malik F. Turner. ***See*** Affidavit of Malik F. Turner, dated 4/11/22.

Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Paddy**, 15 A.3d 431, 442 (Pa. 2011).

The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA petition. **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005).

Appellant concedes that his Petition is untimely and invokes the "previously unknown fact" exception to the PCRA's time-bar.[8] **See** Appellant's Brief at 7. A petitioner satisfies the "previously unknown fact" exception by pleading and proving that there were facts that were unknown to him and that he exercised due diligence in presenting his claim. 42 Pa.C.S. § 9545(b)(1)(ii); **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa.

---

[8] In his *pro se* Brief, Appellant also mentioned the "governmental interference" exception under 42 Pa.C.S. § 9545(b)(1)(i) but he did not present any argument in his Brief to support of its applicability to the instant facts. Accordingly, any claim pertaining to the governmental interference exception is waived. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant."); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019).

Appellant argues that he has satisfied the "previously unknown fact" exception because the "Juror's name expressing the undisclosed nature, status, and extent of her relationship with the [ADA] in this case was unknown to [him] in *voir dire*" and contends that he acted with due diligence in filing for relief. Appellant's Brief at 9.

In support of his argument, he has attached to his appellate brief the affidavit of Malik F. Turner. In that affidavit, Malik states, in pertinent part, that he discovered Juror's identity by conducting an internet search. Malik did not specify when he conducted this search or when he learned Juror's identity, but he did indicate that he sent Appellant the information he had gleaned in February and March of 2022.

Problematically, Appellant did not present Malik's affidavit to the PCRA court until after the court had dismissed Appellant's petition and Appellant had filed a notice of appeal to this Court. Thus, at the time the PCRA court was considering Appellant's petition, his "newly discovered fact" claim was merely an unsubstantiated allegation, unsupported by any evidence.

Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's petition because Appellant failed to plead and prove the applicability of any of the exceptions to the PCRA's time-bar.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/07/2022