J-S25022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EUGENE STEWART | : | |
| | : | |
| Appellant | : | No. 2839 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 13, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008002-2019

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:        **FILED SEPTEMBER 12, 2025**

Appellant, Eugene Stewart, appeals from the September 13, 2024 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his convictions for Possession of Firearm Prohibited and related offenses. Appellant claims that the verdict was against the weight of the evidence. After careful review, we affirm.

The underlying facts of this case are largely immaterial to our disposition. Briefly, this case arose following a September 24, 2016 execution of a search warrant for a residence in Philadelphia, during which law enforcement officers recovered a loaded .45 caliber handgun from under a mattress. Subsequent investigation indicated that Appellant, who could not purchase a firearm due to a prior conviction, had directed a resident of the home to purchase the weapon for him.

Following an April 17, 2024 bench trial, the trial court found the Commonwealth's witnesses credible and opined that "[t]here is no doubt that Appellant facilitated the straw purchase of a firearm." Trial Ct. Op., 2/11/25, at 4. Accordingly, the court convicted Appellant of Possession of Firearm Prohibited, Tampering With Public Records, Unsworn Falsification to Authorities, Sale or Transfer of Firearm, and Conspiracy (Sale or Transfer of Firearm).[1]

On September 13, 2024, the court sentenced Appellant to an aggregate term of 2 to 4 years of incarceration followed by 5 years of probation. Importantly, Appellant did not file post-sentence motions.

On October 16, 2024, Appellant filed *pro se* a timely notice of appeal.[2] The trial court subsequently appointed appellate counsel. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following question:

> Whether the jury verdict was against the greater weight of evidence as a matter of law to establish [Appellant's] guilt beyond a reasonable doubt on all charges?

Appellant's Br. at 7.

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 4911(a)(1), 4904(a)(1), 6111(g)(2), 903, respectively. While not needed for disposition of this appeal, we observe that the record before this Court does not include the Notes of Testimony.

[2] We deem Appellant's notice of appeal timely under the Prison Mailbox Rule, as we observe that the notice was due on Tuesday, October 15, 2024, following the Columbus Day holiday. *See*, *e.g.*, *Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007).

Prior to addressing the merits, we must determine whether Appellant preserved this claim. To preserve a weight of the evidence challenge, an appellant must raise the claim "with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). An appellant cannot remedy the waiver by raising the issue in a Pa.R.A.P. 1925(b) statement, even if the trial court addresses it in its Rule 1925(a) opinion, because "the trial court was, by that time, divested of jurisdiction to take further action in the case." *Commonwealth v. Thompson*, 93 A.3d 478, 491 (Pa. Super. 2014).

While Appellant raised a challenge to the weight of the evidence in his Pa.R.A.P. 1925(b) statement, he did not file a post-sentence motion and there is no indication that he raised this issue prior to or at sentencing.[3] Accordingly, we affirm the judgment of sentence based upon Appellant's waiver of his challenge to the weight of the evidence.

Judgment of sentence affirmed.

---

[3] Indeed, Appellant has not specified when and how he raised this issue prior to his Rule 1925(b) statement. Accordingly, he failed to comply with Pa.R.A.P. 2117(c) and 2119(e), both of which require a "[s]tatement of [the] place of raising or preservation of issues" in cases such as this where "an issue is not reviewable on appeal unless raised or preserved below[.]" *See* Pa.R.A.P. 2101 (stating that failure to conform to the appellate rules constitutes basis for dismissal of appeal if the defects are substantial).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>9/12/2025</u>