J-S39001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROME BLANCHETT | |
| Appellant | No. 312 MDA 2018 |

Appeal from the PCRA Order entered December 6, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0004472-2008

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 18, 2018**

Appellant, Jerome Blanchett, appeals *pro se* from the December 6, 2017 order entered in the Court of Common Pleas of Dauphin County, denying as untimely his third petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends his petition is saved from the PCRA's timeliness requirement based on newly-discovered evidence.  Upon review, we affirm.

In a November 8, 2017 opinion in support of its Rule 907 notice of intent to dismiss Appellant's third petition, the PCRA court explained:

> Following a trial conducted March 30, 2009 through April 2, 2009, a jury found [Appellant] guilty of four counts of robbery, three counts of criminal conspiracy to commit robbery, and two counts of aggravated assault, arising out of the brutal assaults and robberies of pizza delivery men between March and May 2008.
>
> . . . .

> On April 22, 2009, . . . the [c]ourt imposed an aggregate sentence of 52 to 104 years[']  incarceration in a state correctional institution.  [Appellant] appealed.  On April 16, 2010, the Superior Court affirmed the judgment of sentence.  On September 13, 2010, the Pennsylvania Supreme Court denied allowance of appeal.

PCRA Court Memorandum Opinion and Order, 11/8/17, at 1-2.  The PCRA court detailed the filing of a first and second PCRA petition, both of which were denied.  *Id.* at 2.  Subsequently, as the PCRA explained:

> On May 6, 2016, [Appellant] filed a document entitled "Motion Requesting Permission to Supplement and/or Amend a Claim of Actual Innocence to the [PCRA] Petition Held Before This Court Pursuant to Pa.R.Crim.P. Rule 905."  On August 17, 2017, [Appellant] filed a "Motion to Compel."  In that Motion, [Appellant] attached a letter dated April 11, 2016, which he purportedly received from an attorney associated with the Pennsylvania Innocence Project.  The letter apprised [Appellant] of receipt of a statement from a prisoner, Johnnie Mccollum.  In the statement, Mccollum claimed that "there was some robberies that I did that Blanchett is actually innocent of."  (Motion to Compel, Exhibit A.).  The Pennsylvania Innocence Project has not entered an appearance or filed any documents on behalf of [Appellant].

*Id.* at 2-3.

The PCRA court directed the Commonwealth to file an answer to the motion.  In its response, the Commonwealth asserted that the court should treat the motion as a PCRA petition and asked the court to direct Appellant to file an amended petition.  The court agreed and ordered Appellant to file an amended PCRA petition.  Appellant complied, filing an amended petition that incorporated his claim that Mccollum admitted committing robberies of which

Appellant was convicted. Amended PCRA Petition, 12/29/16. The Commonwealth filed a response.

As noted above, on November 8, 2017, the PCRA court filed its notice of intent to dismiss Appellant's amended PCRA petition. The court explained that Appellant's petition, his third PCRA petition, was facially untimely and failed to plead an exception to the PCRA's timeliness requirements. Appellant filed a response, contending the PCRA court erred by relying on 42 Pa.C.S.A. § 9543(a)(2)(vi)[1] and by failing to address the merits of his claim.

By order entered December 6, 2017, the PCRA court dismissed Appellant's petition, noting that Appellant's response to the court's Rule 907 notice "fail[ed] to raise any issue not fully addressed in our Memorandum Opinion filed November 8, 2017." PCRA Order, 12/6/17, at 1. This appeal followed.[2] The PCRA court did not order Appellant to file a Rule 1925 concise

---

[1] The subsection to which Appellant refers involves a showing that a petitioner's conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi).

[2] The deadline for filing an appeal to this Court was Friday, January 5, 2018. Appellant's notice of appeal was self-dated January 4, 2018 and included the purported signature of a corrections officer with a notation indicating the "Prisoner Mailbox Rule Applies." However, the notice of appeal was not received and docketed until Tuesday, January 10, 2018.

On April 16, 2018, we issued a rule to show cause why the appeal should not be dismissed as untimely. Appellant did not respond. On May 3, 2018, the

statement of errors complained of on appeal. On March 5, the PCRA court issued a Rule 1925(a) opinion indicating that its reasons for dismissing Appellant's petition were set forth in its November 8, 2017 Memorandum Opinion.

In this appeal, Appellant asks us to consider one issue: "Whether the PCRA court erred when the court denied an evidentuary [*sic*] hearing on a claim of actual innocence?" Appellant's Brief at 3 (some capitalization omitted).

In **Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008), our Supreme Court stated:

> Our standard of review of the denial of PCRA relief is clear: we are "limited to determining whether the PCRA court's findings are supported by the record and without legal error."

_____

show-cause order was discharged and the issue was referred to this merits panel.

Pa.R.A.P. 121(a) provides that a *pro se* filing by an incarcerated individual is deemed filed on the date it is delivered to prison authorities for mailing, "as evidenced by a properly executed prisoner cash slip *or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities*." Pa.R.A.P. 121(a) (emphasis added). We decline to quash the appeal as untimely, recognizing that the date of receipt indicates it is likely Appellant placed his notice of appeal into the hands of prison authorities on or before Friday, January 5, 2018. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) ("Although the record is bereft of the envelope in which the notice of appeal was mailed, and thus lacks a postmark definitively noting the date of mailing, [based on the dates, including an intervening weekend], in order for the trial court to have received the notice of appeal by [the deadline], it is likely that [a]ppellant mailed his notice of appeal on or before [the deadline]. Accordingly, we decline to quash the appeal for untimeliness.").

- 4 -

> ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1251 (Pa. 2006).
> We note that a second or subsequent petition must present a
> strong prima facie showing that a miscarriage of justice may have
> occurred. ***Commonwealth v. Carpenter***, 555 Pa. 434, 725 A.2d
> 154, 160 (1999). Finally, the petition must be timely, as the Act's
> timeliness restrictions are jurisdictional in nature and are to be
> strictly construed. ***Commonwealth v. Abu–Jamal***, 596 Pa. 219,
> 941 A.2d 1263, 1267–68 (2008).

***Id.*** at 309.

As noted above, in April 2009 a jury found Appellant guilty to various offenses, including robbery, conspiracy, and aggravated assault. He was sentenced to 52 to 104 years in prison. After this Court affirmed Blanchett's judgment of sentence, our Supreme Court denied his petition for allowance of appeal on September 13, 2010. Blanchett did not seek review from the United States Supreme Court. Therefore, his judgment of sentence was final on December 13, 2010, 90 days after our Supreme Court denied his petition for allowance of appeal,[3] and Blanchett had until December 13, 2011 to file a timely petition for collateral review.

The instant appeal is from dismissal of Blanchett's third petition for collateral relief. This petition was filed on May 6, 2016, more than four years after his judgment of sentence became final. Therefore, the petition is facially

---

[3] The 90th day was actually Sunday, December 12, 2010. Accordingly, Appellant had until the following business day, Monday, December 13, 2010, to file for a writ of *certiorari* to the Supreme Court of the United States. ***See*** U.S. Sup.Ct. Rule 30.

untimely and we may not consider it unless Blanchett has presented and proved an exception to the PCRA's timeliness requirement. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). Because timeliness is separate and distinct from the merits of Blanchett's underlying claims, we must first determine whether this PCRA petition is timely filed. *See Stokes*, 959 A.2d at 310 (consideration of *Brady* claim separate from consideration of its timeliness).

Blanchett asserts that his current petition is saved from the PCRA's time bar based on newly-discovered facts set forth in the letter from Johnnie Mccollum in which Mccollum admitted committing robberies for which Appellant was convicted. Appellant's Brief at 6.

As this Court stated in *Commonwealth v. Medina*, 92 A.3d 1210 (Pa. Super. 2014) (*en banc*):

> Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.
>
>> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by

the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

*Id.* at 1216 (quoting **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007)). The focus of the exception is "on *facts*, *not* on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 721 (Pa. 2008) (citation omitted) (emphasis in original).

Blanchett has not met this burden. As the PCRA court recognized,

[Appellant's] presentation of an after-trial confession fails to satisfy his burden of proving the timeliness exception. First, [Appellant] fails to plead why Mccollum's alleged involvement could not have been obtained at or prior to the conclusion of trial by the exercise of reasonable diligence. In spite of thorough investigation of the robberies, [Appellant's] representation by experienced counsel, and the defense theory that [Appellant] did not commit the crimes, the evidence contained no mention of Johnnie Mccollum. The issue of [Appellant's] involvement in the crimes is cumulative of matters fully addressed at trial.
[Further, Appellant] offers Mccollum's statement solely to impeach the credibility of trial witnesses who identified [Appellant] as the assailant.

PCRA Court Memorandum Opinion and Order, 11/7/17, at 7.

Our review of Appellant's amended PCRA petition confirms the PCRA court's findings. In his amended petition, Appellant simply pronounces that his "claim of Actual Innocence raised in this present petition could not have been presented in [his] original PCRA petition nor in [his] subsequent

- 7 -

petition." Amended Petition, Appendix at 2.[4] He suggests that by filing the petition within 60 days of his receipt of the letter from Johnnie Mccollum, his petition is timely. However, he does not allege, let alone prove, that his "newly-discovered facts" could not have been ascertained by the exercise of due diligence, as required by 42 Pa.C.S.A. § 9545(b)(1)(ii).

We agree with the PCRA court's conclusion that Appellant's third PCRA petition was untimely and that Appellant failed to plead or prove any exception to the PCRA's timeliness requirements. Therefore, like the PCRA court, this Court does not have the authority to hear Appellant's claims.[5]

Order affirmed.

―――――――――――――――――――――――

[4] The quoted statement appeared in Appellant's May 6, 2016 motion seeking to supplement his PCRA petition. That motion was appended to Appellant's amended PCRA petition filed on December 29, 2016.

[5] Appellant contends the PCRA court erred by not conducting an evidentiary hearing before dismissing his petition. As this Court has recognized:

> [A] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

*Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa. Super. 2008) (quoting *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa. Super. 2007)). Because Appellant's third PCRA petition was untimely filed, no purpose would have been served by holding a hearing.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>09/18/2018</u>