J-A14042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BILLY WAYNE HOUSER | : | |
| | : | |
| Appellant | : | No. 1108 WDA 2020 |

Appeal from the PCRA Order Entered September 15, 2020
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001081-2017

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED: AUGUST 12, 2021**

Billy Wayne Houser ("Houser") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the factual history of this case as follows:

> On the night of February 1, 2017, [Houser], his wife[,] Lisa Houser [("Lisa")], and Lisa's sister, Carol Nichols [("Nichols")], were together at the house shared by [Houser] and Lisa.  [Nichols] and Lisa got into an argument over finances. … [Houser] broke up the fight by throwing [Nichols] to the ground and threatening to "cut her heart out" with a knife.  N.T. [(Jury Trial), 8/16/17,] at 13-14. He then told Lisa to move [Nichols's] car from their driveway[,] while he tied [Nichols] to a chair.  When Lisa returned, he tied [Lisa] to a chair as well.
>
> With both sisters tied up, [Houser] started pacing [and] rambling about escaping to Canada.  [Nichols] attempted to negotiate with [Houser, by offering] to drive him to the bank, take out money for him, and then let him have both the car and the

money. … [Houser] agreed and untied [Nichols], leaving Lisa restrained at the house. [Houser] zip-tied [Nichols's] arm to his until they arrived at [Nichols's] car[. Houser then] cut [the] tie using a knife he was carrying.

The two drove to a bank, where [Nichols] made two withdrawals, both of which she gave to [Houser]. They proceeded to a second bank[, where Nichols made another] withdrawal that she also gave to [Houser]. When they left the [second] bank, [Houser] instructed [Nichols] to "just drive." After about twenty minutes of driving, … [Houser] instructed [Nichols] to get out of the car and [then Houser] drove off, leaving [Nichols] on the side of the highway.

[Nichols] walked to a nearby bar and called the police. When police arrived, they found that [Nichols] still had a zip-tie fastened to her wrist. [Nichols] accompanied officers back to the residence where they found Lisa, still tied up. [Houser] was apprehended in Ohio the following day….

Ultimately, a jury convicted [Houser] of robbery of a motor vehicle, robbery, theft by unlawful taking, receiving stolen property, terroristic threats, unlawful restraint, two counts of recklessly endangering another person, and simple assault.[1] The trial court sentenced [Houser] to [an aggregate term of] nine to eighteen years' imprisonment.

*Commonwealth v. Houser*, 220 A.3d 665, (Pa. Super. 2019) (unpublished memorandum at 1-3) (some internal citations omitted, footnote added).

On July 18, 2019, this Court affirmed Houser's judgment of sentence, and the Pennsylvania Supreme Court denied his Petition for allowance of appeal. *See id.*, *appeal denied*, 223 A.3d 242 (Pa. 2020).

---

[1] 18 Pa.C.S.A. §§ 3702(a), 3701(a)(1)(v), 3921(a), 3925(a), 2706(a)(1), 2902(a)(1), 2705, 2701(a)(1).

On May 26, 2020, Houser filed a timely, *pro se*, PCRA Petition. The PCRA court appointed counsel, and on July 2, 2020, PCRA counsel filed a *Turner*/*Finley*[2] No-Merit Letter, and a Petition to withdraw from representation.

On July 15, 2020, the PCRA court granted counsel's Petition to withdraw, and issued a Pa.R.Crim.P. 907 Notice of its Intent to Dismiss Houser's PCRA Petition without a hearing. Houser elected to proceed, *pro se*, and filed a continuance request in order to respond to the PCRA court's Notice. The PCRA court granted Houser's continuance, but Houser filed no response. On September 15, 2020, the PCRA court dismissed Houser's PCRA Petition.

---

[2] ***Commonwealth v. Turner***, 554 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Houser filed a timely Notice of Appeal,[3] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Houser now raises the following issues for our review:

1. [Houser's] underlying claims are of arguable merit.

2. The particular course of conduct chosen by court[-]appointed counsel did not have any reasonable basis designed to effectuate [Houser's] interest.

3. Counsel's ineffectiveness prejudiced [Houser] by denying him of his constitutionally guaranteed right of appeal.

4. The denial of PCRA by not holding a hearing under [Pa.R.Crim.P.] 908(A)(2) where issues of material fact present.

_____

[3] Houser's Notice of Appeal was not docketed until October 16, 2020, 31 days after the PCRA court dismissed his PCRA Petition. *See* Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). However, Houser was incarcerated at the time he filed his Notice of Appeal, and is therefore entitled to the "prisoner's mailbox rule." *See* Pa.R.A.P. 102(c) (providing that "a *pro se* filing submitted by a person incarcerated in a correctional facility is filed as of the date on the prison postmark or the date the filing was delivered by prison authorities for purposes of mailing as documented by … reasonably verifiable evidence.").

Instantly, Houser's Notice of Appeal contains a certificate of service that is dated October 9, 2020. This Court is "inclined to accept **any** reasonably verifiable evidence of the date that the prisoner deposits the [filing] with the prison authorities." *See Commonwealth v. Perez*, 799 A.2d 848, 851 (Pa. Super. 2002) (emphasis added). Given the inherent delays associated with the mail delivery and the totality of the circumstances, we conclude that Houser's *pro se* Notice of Appeal must have been deposited for mailing no later than October 15, 2020, and is therefore timely. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) (finding that a *pro se* submission that arrived late for filing by three days was presumed timely despite lack of supporting documentation based on the date of delivery).

5. Having statement from one of the state witness changing testimony and saying about the other witness of the state made a false testimony. [*sic*]

Brief for Appellant at 4 (unnumbered).[4]

> We review an order [dismissing] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

We will address Houser's first three claims together, as they are related. Houser contends that his "court-appointed counsel" provided ineffective assistance in violation of his constitutional rights. Brief for Appellant at 5 (unnumbered). Houser claims that his "court-appointed counsel" had no reasonable basis for acting in violation of his constitutional rights, and that such action, or lack thereof, prejudiced Houser. ***Id.***

---

[4] We observe that Houser raises five issues in his Statement of Questions Involved, but the Argument section of his brief contains only one section. ***See*** Pa.R.A.P. 2119(a) (providing that the argument section be divided into as many parts as there are questions to be argued). Nevertheless, we decline to find Houser's claims waived on this basis.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically,

> [t]o be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. *Commonwealth v. Chmiel*, … 30 A.3d 1111, 1127 (Pa. 2011) (employing ineffective assistance of counsel test from *Commonwealth v. Pierce*, … 527 A.2d 973, 975-76 (Pa. 1987)). Counsel is presumed to have rendered effective assistance. Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. Finally, because a PCRA petitioner must establish all the *Pierce* prongs to be entitled to relief, we are not required to analyze the elements of an ineffectiveness claim in any specific order; thus, if a claim fails under any required element, we may dismiss the claim on that basis.

*Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (footnote and some citations omitted).

Houser has failed to develop his claims for our review. Indeed, Houser's argument is devoid of any citations to the record or legal authority supporting his position, and contains only bald assertions that his claims satisfy each factor under Section 9543(a)(2)(vi) of the PCRA. *See* Pa.R.A.P. 2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Paddy*, 14 A.3d 431, 443 (Pa. 2011) (providing that "boilerplate allegations and bald

- 6 -

assertions … cannot satisfy a petitioner's burden to prove that counsel was ineffective."); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Accordingly, Houser's first three claims are waived.

We address Houser's remaining claims together, as they are related. In his remaining claims, Houser contends that the PCRA court erred by dismissing his PCRA Petition without a hearing. Brief for Appellant at 5-6 (unnumbered). Houser argues that he presented issues of material fact, and therefore, the PCRA court was compelled to hold an evidentiary hearing. *Id.* In particular, Houser asserts that he presented evidence that Lisa and Nichols wished to recant their trial testimonies, via phone calls and postcards. *Id.*

> Under the PCRA,
>
> [w]here a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under [42 Pa.C.S.A.] § 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004); *see* [*Commonwealth v.*] *Cox*, 146 A.3d [221,] 227-28 [(Pa. Super. 2016)] ([stating that] "[o]nce jurisdiction has been properly invoked, … the relevant inquiry becomes whether the claim is cognizable under [Section 9543] of the PCRA.").

*Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (citation omitted).

"The test is conjunctive; the defendant must show by a preponderance of the

evidence that each of these factors has been met in order for a new trial to be warranted." ***Commonwealth v. Padillas***, 997 A.2d 356, 363 (Pa. Super. 2010) (citations omitted).

Our Supreme Court has acknowledged that

[r]ecantation testimony is extremely unreliable. When recantation involves an admission of perjury, it is the least reliable form of proof. The [PCRA] court has the responsibility of judging the credibility of the recantation. Unless the [PCRA] court is satisfied that the recantation is true, it should deny a new trial. An appellate court may not disturb the [PCRA] court's determination absent a clear abuse of discretion.

***Commonwealth v. Henry***, 706 A.2d 313, 321 (Pa. 1997) (internal citations omitted).

Houser has similarly failed to develop these claims for our review. Houser's argument is devoid of any citations to the record or legal authority supporting his position, and contains only bald assertions that Lisa and Nichols have recanted their testimony to him via prison phone calls, and in postcards. ***See*** Pa.R.A.P. 2119(a); ***Johnson***, ***supra***. Accordingly, Houser's remaining claims are waived.

Moreover, in its Opinion, the PCRA court, after reviewing PCRA counsel's No-Merit Letter and Houser's PCRA Petition, concluded that Houser's claims regarding Lisa's and Nichols's alleged recantations lacked merit. ***See*** PCRA Court Opinion, 7/15/20, at 1 (unnumbered). In particular, the PCRA court relied upon PCRA counsel's No-Merit Letter, which states, in relevant part, as follows:

I received correspondence from [] Houser dated June 15, 2020[,] in which he outlined his assessment of his case and articulated … that [] Lisa [] has essentially recanted her trial testimony against him and expressed a willingness to cooperate in tendering a statement to that effect.

* * *

[I] eventually made personal contact with [Lisa] on the telephone. I explained to her the PCRA process and that I was [] Houser's court-appointed attorney[. T]hen I outlined in general[,] non-leading[,] terms the allegations of [] Houser that [Lisa] had provided false testimony at his trial and that she wanted to make a statement to me in that regard. … **Lisa [] expressly refuted that she offered false testimony at the trial and in no manner did she indicate that she was recanting any of the testimony against her husband.** Hence, she made no statement to me in which she would have exculpated [] Houser[,] and rescinded what [Houser] has claimed to be []false testimony[] against him.

PCRA Counsel's No-Merit Letter, 7/2/20, at 1-2 (unnumbered) (emphasis added); *see also* PCRA Court Opinion, 7/15/20, at 1 (unnumbered). Accordingly, even if Houser had preserved his after-discovered evidence claims, we would conclude that they lack merit. *See Ford*, *supra*; *Padillas*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/12/2021

- 9 -