J-S14009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD BONE | : | |
| | : | |
| Appellant | : | No. 986 WDA 2021 |

Appeal from the PCRA Order Entered July 20, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002091-2013

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.*

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: AUGUST 12, 2022**

Richard Bone appeals the denial of his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. He alleges that the PCRA court erred by concluding that his PCRA petition was untimely and granting counsel's motion to withdraw. We affirm.

In August 2013, a jury found Bone guilty of multiple sex offenses and other related crimes against his girlfriend's minor child. The trial court sentenced him to an aggregate term of 10 to 20 years' incarceration on November 26, 2013. Bone filed a post-sentence motion, which the trial court denied on December 6, 2013. Bone did not file a direct appeal.

Bone filed the instant *pro se* PCRA petition on December 17, 2020. Bone alleged that his case involved a constitutional violation and ineffective

_____

* Retired Senior Judge assigned to the Superior Court.

assistance of counsel. Bone listed his issues as Issue I to Issue IV. Under Issue I, Bone identified 10 witnesses that he believed counsel should have called to testify at trial. These witnesses included, among other people, his mother, his brother, his ex-wife, and his former employer. **See** *Pro Se* PCRA Petition, at 3-5. He alleged that counsel knew of these witnesses before trial but failed to call them. **Id.** at 5. For Issue II, Bone claimed that the trial court failed to appoint the public defender to represent him after his trial counsel asked to withdraw upon filing his post-sentence motion. **Id.** at 5.

For Issues III and IV, Bone alleged that trial counsel gave him erroneous advice regarding his right to testify and that the court should have considered subsequent filings after he was sentenced as PCRA petitions. **Id.** at 6. Bone did not address the timeliness of the petition.

The court appointed counsel who filed an amended petition on April 1, 2021. Counsel requested that the court reinstate Bone's direct appeal rights *nunc pro tunc*. **See** Amended Petition for Post Conviction Collateral Relief, filed 4/1/21, at ¶ 18. The amended petition did not address timeliness and did not address any of the claims Bone raised in his *pro se* petition. The Commonwealth filed a response to the amended petition arguing the petition was untimely and that Bone failed to plead any time-bar exception.

The PCRA court issued notice of its intent to dismiss the petition without a hearing under Pennsylvania Rule of Criminal Procedure 907, on June 23, 2021. **See** Pa.R.Crim.P. 907(1). Defense counsel did not file a response to the notice. The court denied Bone's PCRA petition as untimely, on July 20, 2021.

- 2 -

Approximately two and a half weeks later, on August 6, 2021, PCRA counsel filed a **Turner/Finley** letter and motion to withdraw as counsel.[1] Counsel stated that he had recently received the sentencing transcripts and upon review believed that Bone had no issues of arguable merit. Counsel also stated that the petition was patently untimely and that no time-bar exception applied. Under a section labeled "Issues Defendant Wishes to Have Reviewed," counsel listed the following issues:

- Newly discovered evidence

- Miscarriage of justice for failure to appoint public defender

- Ineffective assistance of counsel

- Motions filed after the sentence was imposed should have been considered a PCRA petition[.]

- Upon receiving the sentencing transcripts on August 5, 2021, the arguments contained [in] amended petition are no longer viable[.]

**Turner/Finley** Letter, at 5-8 (unpaginated).

Under each issue, counsel set forth a statement of the relevant law and a short paragraph explaining his conclusion that the issue was meritless. Counsel also asked the court to permit him to withdraw and that the court give notice of intent to dismiss pursuant to Rule 907.

The trial court granted counsel's motion to withdraw. **See** Order of Court, 8/10/21. Bone filed on August 19, 2021, a *pro se* "Motion for

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Reconsideration of 7/19/21 Order Denying PCRA Relief." Bone argued that because counsel had filed his ***Turner/Finley*** letter after the court had denied the PCRA petition, he had been placed in a position where claims of PCRA's counsel's ineffectiveness could be waived. He contended that since the court had not issued a Rule 907 notice after counsel submitted the ***Turner/Finley*** letter, he had not had an opportunity to respond to counsel's letter. He also argued that counsel's letter was inadequate "since it does not comport to the dictates of ***Finley***." ***See*** Motion for Reconsideration at ¶ 7. He further claimed that counsel's legal analysis was incorrect under ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020). The court denied the motion and Bone filed the instant notice of appeal on August 21, 2021. ***See*** Order of Court, filed 8/21/21; Notice of Appeal, filed 8/21/21.[2]

Bone raises the following issues:

I. Was the notice of appeal timely filed?

II. Whether the PCRA court erred in granting counsel's motion to withdraw where PCRA counsel's no-merit letter was deficient under the standards of Turner and Finley?

III. Did the PCRA court err when it ruled that the PCRA was not timely filed?

Bone's Br. at 4 (answers omitted).

_____

[2] The notice of appeal has a docketing date stamp of August 30, 2021, and a filing stamp of August 21, 2021.

Bone's first issue deals with the timeliness of the instant appeal. Bone had until August 19, 2021 to file a timely appeal. **See** Pa.R.A.P. 903(a). His notice of appeal bears stamp memorializing a filing date of August 21, 2021. However, attached to his brief, Bone included a prison postage slip for his mailing of his notice of appeal that shows a date of August 17, 2021, which is within the appeal period. Therefore, the appeal is timely pursuant to the prisoner mailbox rule. **See** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence"); **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa.Super. 2007) (finding "[p]ursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing").

In his first substantive issue, Bone claims that the trial court erred in granting PCRA counsel's motion to withdraw because counsel's **Turner/Finley** letter was deficient. He maintains that counsel did not explain why he believed every issue listed in Bone's *pro se* PCRA petition is meritless. He references the multiple witnesses that counsel did not address individually. He notes that counsel did include the following sentences addressing these witnesses:

- [Bone] lists ten individuals who could have testified and who have subsequently executed affidavits on behalf of [Bone's] character. Even if [Bone's] Petition were timely

none of the ten individuals provided any new facts relevant to his conviction. [Bone] acknowledged in paragraph 11 of his petition that counsel was informed before trial of all of the above witnesses but he did not call them to testify on [Bone's] behalf.

- [Counsel's] failure to call [Bone's] relatives to testify regarding [Bone's] character constituted reasonable trial strategy and did not establish ineffective assistance.

Bone's Br. at 29-30 (quoting **Turner/Finley** Letter 4-5, 5-6).

PCRA counsel seeking to withdraw must file with the court a "no merit" letter. **See Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012). Counsel must set forth in the letter the nature and extent of counsel's review of the case, list the issues that the petitioner wishes to raise, and explain counsel's conclusion that the issues are meritless. **See id.** Counsel must send a copy of the no-merit letter to the petitioner, as well as a copy of the motion to withdraw. **See id.** Counsel should also provide a statement to petitioner explaining their right to proceed *pro se* or through new counsel. **See id.**

Here, counsel's letter did not list the issues as Bone's presented them in his *pro se* petition. Counsel instead summarized the issues with the following headings:

- Newly discovered evidence
- Miscarriage of justice for failure to appoint public defender
- Ineffective assistance of counsel
- Motions filed after the sentence was imposed should have been considered a PCRA petition[.]

- Upon receiving the sentencing transcripts on August 5, 2021, the arguments contained [in] amended petition are no longer viable[.]

***Turner/Finley*** Letter, at 5-8 (unpaginated).

Though counsel did not list each issue as Bone presented it in his petition, counsel did address the issues raised in Bone's petition. For instance, the subheading "newly discovered evidence" addresses the claims raised under Issue I of the *pro se* petition and the subheading "ineffective assistance of counsel" addresses the claim raised in Issue III. For each of these claims counsel explained why he believed they were meritless. Counsel also explained why each of Bone's remaining claims were meritless. The PCRA court did not err in granting counsel's motion to withdraw.

Bone's final claim is that the PCRA court erred in determining that his PCRA petition was untimely.[3] He argues that though his petition is untimely on its face, he satisfied the newly discovered fact time-bar exception. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(ii). He maintains these newly discovered facts are the affidavits from his mother and his brother. He also alleges that these could not have been ascertained earlier with the exercise of due diligence.

Bone's judgment of sentence became final on December 26, 2013, when his time to appeal expired. Bone filed the instant PCRA petition in December

_____

[3] Following his argument for this issue, Bone's brief continues with arguments about the ineffective assistance of trial counsel, the trial court not appointing counsel after he was sentenced, character evidence, and alleged vouching by the Commonwealth during trial. Each of these claims were raised in Bone's untimely PCRA petition. Since we have concluded that the petition is untimely, we will not address the merits of these claims.

2020, making it patently untimely. However, Bone suggests that he satisfies the "unknown fact" time-bar exception.

To plead this exception, Bone had to allege that: the facts were unknown to him and that he could not have ascertained these facts by exercising due diligence. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." **Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa.Super. 2011).

In the first sentence under Issue I of his *pro se* PCRA petition Bone wrote, "[P]etitioner presents newly discovered evidence in the form of affidavits" from his mother. *Pro Se* PCRA Petition, at 3. Taking this as a reference to the unknown fact time bar-exception, Bone's discussion of the exception ends there. The remainder of his petition does not address his due diligence and or in any way address the untimely nature of the petition. On appeal, Bone admits that his petition is untimely and claims he satisfied the newly discovered fact time-bar exception. However, he was required to plead and prove this exception before the PCRA court, not for the first time on appeal. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1126 (Pa. 2005) (stating petitioner may not raise time bar exceptions for the first time on appeal). Having failed to do so, we conclude that the PCRA court did not err in denying Bone's PCRA petition as untimely. Even if he had pled this exception before the PCRA court, before this Court he has not pled and proven that these facts were unknown to him, were new, or that they could not have been

discovered with the exercise of due diligence. We therefore affirm the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2022